In the Matter of the Estate of CHARLOTTE H. MILLS, Deceased.
Surrogate's Court, Suffolk County, June 26, 1933.

*Tuck & Horn*, for the petitioner.

*Joseph T. Losee*, for Jesse C. Mills.

PELLETREAU, S. Upon the accounting herein I am asked to construe the will of the decedent, Charlotte H. Mills. Both she and her husband, Jesse C. Mills, were well advanced in years at the time of her death in 1927. Mrs. Mills left her surviving no children or descendants. Her will was duly probated. The two executors and trustees under the will of decedent and named therein were Frederick P. Solley, nephew of the decedent, and Jesse C. Mills, aforesaid, her husband. Both qualified and entered upon the discharge of their duties, and an accounting is now being had.

There appear to be no differences between the two trustees except that which arises in their respective constructions of the " second " and " fifth " paragraphs of the will. Said paragraphs read as follows:

" *Second.* I give and devise all my dwelling house and premises which we now occupy, situate on the south side of East Main Street in the Village of Patchogue, to my husband, Jesse C. Mills, for and during his natural life, only, however, and upon his death if the same shall be unsold I give and devise the same unto my three nephews, Frederick P. Solley, John B. Solley, Jr., and Harry H.

Solley, their heirs and assigns forever. I do hereby authorize and empower my executors hereinafter named, one of whom is my husband, the life tenar.t of said premises, to sell the real property of which I die seized and possessed, in their discretion, and to invest and reinvest the proceeds from the sale thereof in proper safe securities, in their discretion; and I do hereby expressly provide that my said real property cannot be sold unless the deed conveying title thereto shall be signed and executed by both of my executors hereinafter named. In the event my said dwelling house premises be sold, then and in that event my husband shall have the entire income from the proceeds of the sale thereof, after the same shall be invested by my executors, for and during his natural life, and upon his death the said proceeds and any accrued increment thereof shall be equally divided among my three said nephews. Until my said dwelling house property shall be sold, as herein provided, all the taxes thereon, cost of insurance, and cost of necessary repairs, shall be chargeable against my estate, and I direct my executors to pay the same."

"*Fifth*. All the rest, residue and remainder of my estate I do give, devise and bequeath unto my executors, my husband, Jesse C. Mills, and my nephew, Dr. Frederick P. Solley, in trust only, however, to conserve, invest and reinvest, and they shall pay the income therefrom semi-annually to my husband, Jesse C. Mills; and upon his death my said residuary estate shall be equally divided among my said three nephews, Frederick P. Solley, John B. Solley, Jr., and Harry H. Solley, unto each of whom I do give, devise and bequeath one of the said equal shares."

It is the contention of Jesse C. Mills, life tenant of the real property mentioned in the second clause, also as beneficiary for life under the trust mentioned in the " fifth " clause, that he is entitled to have paid from the principal of the trust the taxes, insurance and necessary repairs upon the premises in which he has a life estate. He bases his contention upon the last sentence of the said second clause wherein it is stated that " all the taxes thereon, cost of insurance, and cost of necessary repairs, shall be chargeable against my estate, and I direct my executors to pay the same."

It is the contention of Frederick P. Solley, the other executor and trustee, who is a nephew of the decedent and one of the remainder-men mentioned in the said " second " and " fifth " clauses of the will, that these charges are properly payable out of income alone, unless such income be insufficient to pay such carrying charges.

To sustain the contention of Mr. Mills the directions contained in the will must be unmistakable and unequivocal. That is a general rule of construction where similar questions arise. It is

undoubtedly a general rule that the life tenant must pay taxes, insurance and repairs, but when the testator manifests the contrary intention it will govern.

I have read with interest the decisions in *Matter of Albertson* (113 N. Y. 434), also *Woodward* v. *James* (115 id. 346). The last paragraph of the " second " clause of the will hereinbefore quoted reads as follows: " Until my said dwelling house property shall be sold, as herein provided, all the taxes thereon, cost of insurance, and cost of necessary repairs, *shall be chargeable against my estate*, and I direct my executors to pay the same."

I am of the opinion that the testatrix meant just what she said. Had she meant that such charges should be paid from income she would have said so. Furthermore, in clause " fifth " of the will, hereinbefore quoted, she gave the entire income for life to her said husband, Jesse C. Mills, and made no charge or charges against, or to be deducted from such income. The testatrix indicated a clear intention of making these various disbursements a charge upon her estate, and there is nothing indicating that the executors and trustees were to pay or are to pay the same out of income. (See *Matter of Tracy*, 179 N. Y. 501; also note the decision in *Clarke* v. *Clarke*, 145 id. 476, in a similar situation, opinion by Judge GRAY, who also wrote the opinion in *Matter of Albertson*, hereinbefore referred to.) The testatrix and her husband were advanced in years when she died in 1927.

There is everything indicated in the circumstances and provisions of the will that Mrs. Mills' first thought was for the care and welfare of her husband who survived.

I think it is the theory of the law under such circumstances that a will shall be liberally construed in favor of husband or wife who survive. (*Matter of Snowden*, 235 App. Div. 862.)

I conclude, therefore, that the taxes, cost of insurance and necessary repairs upon the residence property are a charge against the corpus of the estate.

Decree accordingly.