FOULKS, EXR., APPELLEE, *v.* TALBOTT, EXR., APPELLANT.

(No. 1439—Decided November 20, 1943.)

*Mr. Carl J. Gugler,* for appellee.
*Mr. Dean C. Talbott,* for appellant.

MIDDLETON, J.   This is an appeal on questions of law.   The plaintiff filed a petition in the Court of Common Pleas asking the court for a declaratory judgment and setting forth the following facts:

Flora C. Pigman died testate on November 24, 1935. By the terms of her will she gave a life estate in certain real estate in Galion, Ohio, to her brother Charles S. Hetrick, a resident of Goshen, Indiana.   Charles S. Hetrick took possession of the real estate and contin-

ued in possession until his death on September 4, 1940. He paid the taxes on such real estate through the instalment of taxes due in June, 1940, being the last half of the 1939 taxes.

There was no ancillary administration of the Hetrick estate, in the state of Ohio.

The plaintiff, as executor of the Hetrick estate, filed in the Probate Court of Crawford county, Ohio, an authenticated copy of his letters of appointment as executor by the Indiana court, pursuant to Section 10511-2, General Code of Ohio. Due publication was made by the Probate Court of Crawford county, and within six months thereafter the defendant presented a claim to the Probate Court against the Hetrick estate for $443.62 being the amount of the taxes levied against the real estate for the year 1940, in which real estate the plaintiff's decedent held a life estate.

Thereafter, the plaintiff filed his petition in the Court of Common Pleas asking the court for a determination of his liability for the payment of the taxes for the year 1940.

The first claim made by the plaintiff is that the claim of the defendant is barred by the provisions of Section 10509-133, General Code, for the reason that no suit was filed on such claim within two months after the claim was disallowed.

The second claim made is that the payment of these taxes by the defendant was voluntary, and for that reason could not be recovered.

The third claim made is that the plaintiff was not liable for the tax for the reason that the deceased died on September 4, 1940, and the tax was not due and payable at the time of his decease.

Section 10511-2, General Code, provides as follows:

"When letters of administration or letters testamentary have been granted in any other state, territory or

possession of the United States, or in any foreign country, as to the estate of a deceased resident thereof, and when no ancillary administration proceedings have been had or are being had in Ohio, it shall be lawful for the person or persons to whom such letters were granted, to file in the Probate Court in any county of this state in which is located real estate of the decedent, an authenticated copy of the letters of appointment, and such court shall thereupon cause notice thereof to be published for three consecutive weeks in some newspaper of general circulation in the county in which such authenticated copy was filed. The claim or claims of any creditor or creditors of such decedent shall be presented to such Probate Court within six months after the date of such filing or be forever barred as a possible lien upon the Ohio real estate of such decedent. If at the expiration of such period of six months, any such claims have been filed and remain unpaid after reasonable notice thereof, to the non-resident executor or administrator, ancillary administration proceedings as to such estate may be had forthwith.''

That section provides for the filing of authenticated copies of letters of appointment, and further provides for the presentation of claims to the Probate Court.

It is admitted that the authenticated copy of appointment of the plaintiff as such executor was filed, and that the claim of the defendant was presented to the court within six months thereafter.

The defendant complied with this section, and his claim is not barred. The judgment of the court on this proposition was correct and is affirmed.

The second claim of the plaintiff is that the payment of the tax by the defendant was voluntary, and for that reason he cannot recover.

The undisputed facts are that defendant, as re-

mainderman, paid the tax to avoid a penalty from being assessed for nonpayment of the tax.

Where it is shown that a payment was for the protection of a person's own property and he is compelled to pay what another himself ought to have paid, the payment under such circumstances will not be deemed to have been officiously made nor will the former be looked upon as a mere volunteer or intermeddler in matters in which he has no interest or concern. *Irvine v. Angus*, 93 F., 629, 633.

The court below held that the payment of this tax by the defendant was not a voluntary payment. The ruling of the court on this proposition is correct, and is affirmed.

The remaining question presented is whether the taxes for the year 1940 should be paid by the plaintiff as executor of the life tenant, or by the defendant as executor of the estate of Flora C. Pigman, the remainderman.

It is a well established general principle that it is the duty of a life tenant in possession of real estate to pay the ordinary taxes thereon, in the absence of some contrary intention manifested by the creator of the life tenancy and remainder. 33 American Jurisprudence, 960, Section 435; 16 Ohio Jurisprudence, 444, Section 59.

This general principle was made a part of the statutory law of Ohio.

Section 5680, General Code (56 Ohio Laws, 175), provided as follows:

"Each person shall pay tax for the lands or town lots of which he is seized for life, or in dower, or which he has care of as guardian or executor. He shall also pay tax for the lands or town lots which he has care of as agent or attorney, if he has sufficient funds of the principal in his hands."

The Legislature, by enactment of the above section,

fixed positively the duty of the life tenant to pay the tax on the real estate held by him under the life tenancy.

Section 5671, General Code, provides as follows:

"The lien of the state for taxes levied for all purposes, in each year, shall attach to all real property subject to such taxes on the day preceding the second Monday of April, annually, and continue until such taxes, with any penalties accruing thereon, are paid. All personal property subject to taxation shall be liable to be seized and sold for taxes. The personal property of a deceased person shall be liable, in the hands of an executor or administrator, for any tax due on it from the testator or intestate.

"Taxes charged on any tax duplicate, other than those upon real estate specifically as such, shall be a lien on real property of the person charged therewith from the date of the filing of notice of such lien, as provided by law."

Plaintiff's decedent died on September 4, 1940, and the lien of the state for taxes for the year 1940 attached the April preceding his death.

The amount of the taxes subsequently determined relates back to the date the taxes became a lien. *State, ex rel. Donahey, Aud.,* v. *Roose, Aud.,* 90 Ohio St., 345, 107 N. E., 760.

It is insisted on behalf of plaintiff that the holdings of the court in the cases of *Magnolia Building & Investment Co.* v. *Sulzman,* 57 Ohio App., 431, 14 N. E. (2d), 622, and *Hoglen & Houck* v. *Cohan,* 30 Ohio St., 436, support his claim made in the case at bar.

In both of those cases cited, the question presented related to the liability to pay taxes in judicial sales, and the code provision controlling the present case was not construed.

The tax on the real estate in the possession of the plaintiff's decedent, at the date of his death on Sep-

tember 4, 1940, was a lien on the day preceding the second Monday of April 1940. The liability for the payment of this tax became fixed as of that date, and as between the life tenant and the remainderman it was a debt which should be paid by the life tenant's estate.

Can this tax be apportioned?

"When the estate for life ends during the year for which an annual tax is assessed, the rule stated in this section requires the owner of such estate for life, or his personal representative, to pay only that proportion of such tax as the part of the tax year elapsed up to the ending of the estate for life, bears to the whole of such tax year. It is immaterial whether the taxation statute of the state provides for a tax, in terms collected for a named period of time, or provides for a tax collected as of a single date. If the owner of the estate for life has paid the whole of such tax prior to the end of his estate, he, or his personal representative has the power to recover the excess paid from the owner of the interest chargeable therewith. In some states the statute as to taxation makes the tax a personal obligation of the person in possession of the land on the taxing date and a lien on the interest of such person, and on his interest only. Such a statute makes inapplicable the apportionment rule stated in this comment." 1 Restatement of Property, 414, Section 129g.

"In some jurisdictions the rule has been established that if a life tenant or beneficiary dies before the expiration of a year for which taxes are levied, the tax is to be apportioned between the life tenant and the remainderman. This view finds strong support in the recent decisions." 33 American Jurisprudence, 965, Section 439.

"After all, this tax paid by the landowner to the government is rent—really, so much a day—and if there be no statutes to the contrary, it seems to me

each person, whether life tenant or remainderman, should pay his share of this tax for the time of his use and occupancy. Hence, the life tenant or his personal representative will be required to pay up to and including the day of his death; the remainderman for each day thereafter." *In re Sturgis,* 8 N. P. (N. S.), 486, 20 O. D., 649.

This court approves the reasoning in the above quotations and would apportion the tax accordingly in the present case if it were not for the contrary holding in the case of *Robinson, Exr.,* v. *Bowler,* 18 C. C. (N. S.), 372, 33 C. D., 102, affirmed by the Supreme Court of Ohio, without opinion, in 88 Ohio St., 614, 106 N. E., 1074.

We reach the conclusion that the judgment of the Court of Common Pleas was wrong in holding the estate of Flora C. Pigman liable for the taxes for the year 1940.

It is therefore the judgment of this court, first, that the claim of the defendant is not barred; second, that the payment of the taxes by the remainderman was not voluntary; third, that the plaintiff is liable to the defendant for the payment of the taxes for the entire year of 1940.

*Judgment accordingly.*

GUERNSEY, P. J., and JACKSON, J., concur.