OPINION
{¶ 1} Plaintiff-appellant Gladys Ohler appeals from the March 27, 2002, Judgment Entry of the Tuscarawas County Court of Common Pleas, Probate Division, affirming the Magistrate's Decision.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In December of 1997, the Last Will and Testament and First Codicil to the Last Will and Testament of William H. Bland, deceased, was filed in the Tuscarawas County Probate Court. Item V of the First Codicil to the Last Will and Testament states, in relevant part, as follows:
 {¶ 3} "I give, devise, and bequeath my real estate at 204 Lincoln Avenue, Tuscarawas, Ohio, to Gladys Ohler Bland, also known as Jackie Ohler, for and during her lifetime or until she remarries or cohabits with another person; upon the death of the said Gladys Ohler Bland or upon her remarriage or cohabitation with another person, irrespective of which of these events shall first occur, I give, devise and bequeath the above described real estate to my sons, Robert Eugene Bland and Gregory William Bland, in equal shares, absolutely in fee simple. I direct that my two sons pay all real estate taxes, insurance, and maintenance on said real estate during the lifetime or occupancy of said premises by Gladys Ohler Bland, also known as Jackie Ohler."
 {¶ 4} On or about March 22, 2001, as part of the probate of the Will, appellant Gladys Ohler filed a claim against appellees Robert Bland and Gregory Bland, the decedent's sons, in the Probate Court claiming that they had failed to comply with Item V above. Appellant, in a "Small Claim Information Sheet" filed in the Probate Court, indicated as follows:
 {¶ 5} "The Defendant's [sic] listed above failed to comply with terms of life conditional estate as to maintainance [sic] of said property 206 Lincoln Ave. Tuscarawas, Ohio which includes taxes, insurance and maintainance [sic], during the lifetime occupancy of above plaintiff."
 {¶ 6} Thereafter, a hearing before a Magistrate was held on October 2, 2001. After the parties filed post trial briefs, the Magistrate, in a Decision filed on December 31, 2001, concluded that appellant had no cause of action against appellees, the remaindermen, for unpaid taxes, insurance or maintenance of the subject property. The Magistrate, in his Decision, stated, in part, as follows:
 {¶ 7} "The more fundamental problem with imposing liability upon the remaindermen [appellees] to abide the command of the testator is that there is no apparent legal principle to do so. The sons did not contract with the decedent to support Ms. Ohler [appellant] by obeying his directions. There is no promissory estoppel available to substitute for consideration to bind them. The testator could have made their right to receive the remainder contingent on their fulfillment of certain terms, but the Will does not do this."
 {¶ 8} After both parties filed timely objections to the Magistrate's Decision, a hearing before the trial court was held on February 11, 2002. As memorialized in a Judgment Entry filed on March 27, 2002, the trial court overruled the objections[1] and adopted the Magistrate's Decision.
 {¶ 9} It is from the trial court's March 27, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred in finding that item V of the first codicil to the last will and testament of William H. Bland did not, as a matter of law, require that the decedent's sons pay all real estate taxes, insurance and maintenance on the real property in which a life estate was conveyed to the appellant."
 I {¶ 11} Appellant, in her sole assignment of error, argues that the trial court erred in finding that Item V of the First Codicil to William H. Bland's Last Will and Testament did not, as a matter of law, require that appellees, the decedent's sons, pay all of the real estate taxes, insurance and maintenance on the subject real property in which a life estate was conveyed to appellant. We disagree.
 {¶ 12} In construing a will, the court's purpose is to determine the intent of the testator. See Oliver v. Bank One, Dayton, N.A. (1991),60 Ohio St.3d 32, 34, 573 N.E.2d 55. The intent of the testator is to be determined from the words contained in the will. Id., citing Carr v.Stradley (1977), 52 Ohio St.2d 220, 371 N.E.2d 540, paragraph one of the syllabus, 371 N.E.2d 450.
 {¶ 13} At issue in this case is whether a testator, such as William H. Bland can, in his Will, order remaindermen to pay the real estate taxes, insurance and maintenance on a life estate. While we have been unable to find any Ohio cases on point, we note that the court, inIn re Estate of Campbell (Aug. 25, 1997), 87 Wash. App. 506, 942 P.2d 1008, addressed the issue of whether remaindermen under a will can be held liable for the costs of maintaining life estate property. In Campbell, the testator's will granted the testator's widow a life estate in certain property, with the remainder granted to the testator's six children from a previous marriage. With respect to the life estate, the will required that "[a]ll property expenses, except utilities, including maintenance and repair, taxes, [and] insurance . . ." be paid by the children.
 {¶ 14} The testator's children subsequently filed a petition seeking a judicial determination of the parties' right and responsibilities under the will. The children specifically contended that a will cannot impose financial conditions upon heirs without their consent, "arguing that it is tantamount to creating a contract based on an offer but no acceptance." Id. at 513. The trial court, however, disagreed and found that the provision requiring the children, as remaindermen, to pay the property expenses was valid and enforceable. The children then appealed.
 {¶ 15} On appeal, the Washington Court of Appeals affirmed the trial court's decision, stating, in part, as follows:
 {¶ 16} "In determining whether a legal life tenant or the remaindermen must assume the duty of insuring property or paying the cost thereof, the intention of the creator of the interest, if indicated, will control." 51 Am.Jur.2d, Life Tenants and Remaindermen, § 243, at 524 (1970). Thus, "it is within the power of the creator of interests in property to place the duty of payment of taxes upon the holder of either present or future interest[.]" Id., § 246, at 529. See also Annotation, Rights, Duties, and Liabilities of Life Tenant (Legal or Equitable) and Remaindermen in Respect of Property Insurance or Proceeds Thereof, 126 A.L.R. 336, at 337 (1940).
 {¶ 17} "In accordance with this principle, courts from other states have recognized that where a will explicitly so provides, the costs of maintaining life estate property may properly be charged to the remaindermen. See, e.g., In re Estate of Mills, 148 Misc. 224,266 N.Y.S. 478, 480-81 (1933); Hill v. Hill, 623 S.W.2d 779, 781
(Tex.App. 1981). Although this apparently is an issue of first impression in Washington, we find no indication in Washington law that a different rule would apply. Indeed, courts must give effect to any lawful intent of the testator, regardless of the reasonableness of conditions imposed.Peck v. Peck, 76 Wn. 548, 552, 137 P. 137 . . . Because the language of the will in this case clearly indicates George's [the testator's] intent to require the children to pay the cost of the upkeep of the life estate property, and because the children did not reject the bequest of the remainder estate, they are liable for the costs of maintaining the property, to the extent of the value of their respective inheritances. The trial court found that the value of the remainder estate was sufficient to secure the expenses."
 {¶ 18} Id. at 513 — 514. See also Foulks v. Talbott (1943),74 Ohio App. 281, 58 N.E.2d 790 in which the court held that "[i]t is a well established general principle that it is the duty of the life tenant in possession of real estate to pay the ordinary taxes thereon, in the absence of some contrary intention manifested by the creator of the life tenancy and remainder." Id. at 284.
 {¶ 19} Based on the foregoing, and since there is no indication in Ohio law that a different rule would apply, we find that the Magistrate erred in finding that William H. Bland, the testator herein, could not, as a matter of law, require appellees, the remaindermen, to pay all of the real estate taxes, insurance and maintenance on the real property encumbered by the life estate to appellant.[2] In short, we find that William H. Bland, the testator, could, and in fact did, impose the above requirements on the remaindermen as a condition to receiving the remainder interest.In this matter, William Bland clearly indicated his intention that appellees assume the duty of paying all real estate taxes, insurance and property maintenance on appellant's life estate. Furthermore, there is no indication that appellees rejected the bequest of the remainder estate pursuant to R.C. 1339.68[3]. However, in accordance with Campbell, supra., we find that appellees in the case sub judice are only liable for the same "to the extent of the value of their respective inheritances." The Magistrate, in his decision that was adopted by the trial court, specifically stated, in part, as follows:
 {¶ 20} ". . . Robert and Gregory, the remaindermen, could theoretically sell their remaindermen interests now — but each one's one-half interest is extremely unmarketable. It is parenthetically noted that Ms. Ohler is only a few years older than one of the sons, and that she is not elderly. In any practical sense, the grant of a remainder interest in this case does not provide any type of asset from which funds are thus made available for the remaindermen to fulfill the commands of the testator.
 {¶ 21} "As has been seen in the discussion in previous parts, there is no other property given the remaindermen from this estate which could be tapped to fulfill the Will's directives regarding lifetime support of the life tenant. The meager tools, vehicles, equipment, and residue bequeathed also to the remaindermen will be sold out from under the remaindermen to cover debts and expenses of the estate, and the balance remaining is likely to be minimal and hardly adequate to create an adequate "trust fund" to pay taxes, insurance, and all maintenance for Ms. Ohler's home for the rest of her life." The Magistrate, in his Decision, further noted that the costs of insurance, taxes and maintenance "could far exceed the value of the remainder interest in this case."
 {¶ 22} Clearly, in this matter, the Magistrate believed that the value of appellees' remainder interests were insufficient to cover the costs of taxes, insurance and maintenance on appellant's life estate.
 {¶ 23} We believe that our decision is consistent with Case v.Hall (1894), 52 Ohio St. 24, 38 N.E. 618. In Case, an individual, in his Will, devised to his son two-thirds of all of his real estate. The Will specifically stated as follows: "I give, bequeath, and devise to my son all the remainder of my real estate, being two-thirds of the same[4], after he shall pay to the heirs of my daughter, . . . the several amounts hereinafter bequeathed to each of said heirs." The Will then went on to specify that each of the decedent's nieces and nephews were entitled to one thousand dollars ($1,000.00) upon reaching the age of twenty one. The Ohio Supreme Court, in Case, held that a devisee, such as the son, who accepts land devised, upon which legacies are charged, is personally liable to the legatees for the same. The court, in Case, noted that the land devised to the son "was of much greater value than the legacies the devisee was required to pay." Id. at 32. As noted by appellees, the Case
decision supports the Magistrate's position that the assets must have sufficient value to allow the strings attached to be performed.
 {¶ 24} Therefore, we disagree with the Magistrate and find that the testator made the right to receive the remainder interest contingent on the appellees paying certain expenses. But, we ultimately agree with the result reached by the Magistrate that appellant has no cause of action against the remaindermen/appellees. We reach this conclusion because we find that appellees are liable only up to the value of their interest and the Magistrate found that the "grant of a remainder interest in this case does not provide any type of asset from which funds are thus made available for the remaindermen to fulfill the commands of the testator."
 {¶ 25} For the foregoing reasons, appellant's sole assignment of error is overruled.
 {¶ 26} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is affirmed.
By Edwards, J., Hoffman, P.J. concurs separately.
Boggins, J. concurs.
In Re: Will — Duties imposed on remaindermen.
[1] While the trial court, in its entry, did sustain one minor objection, the issue raised by the same is not at issue in this appeal.
[2] See also 51 Am. Jur.2d, Life Tenants and Remaindermen, Sections 267, 270, 285 (May 2002 Supplement.) Section 267, on insurance, states, in part, as follows: "In determining whether a legal life tenant or remaindermen must assume the duty of insuring the property or paying the cost thereof, the intention of the creator of the interest, if indicated, will control. In some instances, his or her intention to relieve the life tenant of the obligation to insure is definitely indicated, whereas in others the life tenant may be definitely and specifically charged with the obligation."
In turn, Section 270 states, on taxes, in part, as follows: "In every instance the intention of the creator of present and future interests, legal and equitable, must be given full force and effect in the determination of whether a life tenant or beneficiary or the remainderman, reversioner, or corpus shall, inter se, bear the burden of taxation on the property and effects comprising the estate. The various rules which govern the duty to pay taxes govern only in the absence of an intention by the creator controlling the responsibility for taxes as between the owners of present and future interests."
Finally, Section 285, on repair/maintenance, provides, in part, as follows: "The broad doctrine that it is the duty of a legal life tenant to keep the property subject to the life estate in repair is firmly established, although this rule, like others involved in determining the relative rights and liabilities of owners of present and future interests, is subject to the contrary intention of the creator of the interests, and to an agreement between the life tenant and a remainderman can, of course, by agreement inter se, alter the general rule as to the duty of a life tentan to make repairs and relieve the life tenant of the liability for paying therefor."
[3] R.C. 1339.68 (former 1339.60) authorizes a will beneficiary to disclaim his or her inheritance.
[4] The Will left the decedent's wife an estate for life in one-third of all the decedent's real estate.