affirmance of the privilege, if one existed, for ninety years.

Our conclusion is that this disaffirmance of the privilege, if such ever existed, is presumptive proof of its abandonment and surrender. We have, therefore, two main reasons for holding that the fair construction of the phrase "state taxes" refers to taxes levied by the Legislature for state purposes, as contradistinguished from local taxes, and therefore removes the property from the exemption granted under the head of state taxes. Finally it may be said in conclusion that the long acquiescence in the payment of the taxes, for ninety years, is a disaffirmance of the privilege of exemption, if one was given.

The judgment sustaining the demurrer to the reply will be reversed, and the cause will be remanded to the Court of Common Pleas of Butler county with instructions to overrule the demurrer, to reinstate the amended reply, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

Ross, P. J., and MATTHEWS, J., concur.

LOCOTOSH *v.* BROTHERS, ADMX.

(Decided December 31, 1935.)

*Messrs. Giblin & Giblin,* for plaintiff in error.
*Mr. Harry T. Nolan,* for defendant in error.

Nichols, J. On October 4, 1934, Anna Brothers was by the Probate Court of Lake county, Ohio, duly appointed administratrix of the estate of Paul Locotosh, Sr., deceased.

After the appointment of the administratrix, and before the 11th day of December, 1934, John Locotosh, plaintiff in error here, filed with the administratrix his claim for compensation for services performed for the decedent and for money advanced to him in the sum of $2,860.91. On or about December 11, 1934, the administratrix of the estate rejected the claim of John Locotosh against the estate, and, thereafter, on the 29th day of March, 1935, the administratrix filed in the Probate Court the schedule of debts provided for by Section 10509-118, General Code of Ohio. The Probate Court fixed April 16, 1935, at 10 o'clock, a. m., as the time for hearing on the schedule of debts, and caused notice to be given to all persons entitled by law to notice. Thereafter on March 30, 1935, John Locotosh filed his exceptions to the schedule of debts, wherein exceptor alleges:

(1) That the exceptor has a valid and just claim against the estate of the deceased for monies advanced to the decedent and bills paid for him by this exceptor during the lifetime of the decedent, and amounting to $2,860.91; which said claim was duly presented to the

aforesaid administratrix by the exceptor within the time provided by law, and was neither accepted nor rejected by the aforesaid administratrix.

(2) . That said administratrix has utterly failed and neglected in the aforesaid schedule of debts now herein excepted to, to list, schedule or make any mention of the aforesaid claim of this exceptor against the estate of said Paul Locotosh, deceased.

The exceptor prayed that he be given a hearing upon his exceptions, and that, upon said hearing, the administratrix ''may be directed and ordered to list and schedule his aforesaid claim against said estate.''

The Probate Court set the exceptions for hearing on April 16, 1935, at 10 o'clock, a. m., and on April 16, 1935, the Probate Court continued the hearing upon the schedule of debts and the exceptions filed thereto to the 26th day of April, 1935, at 10 o'clock, a. m.

On April 26, 1935, the administratrix was granted leave by the Probate Court to amend the schedule of debts so as to add to the claims listed in the schedule the following claim: ''John Locotosh—Claim for Money—Amount $2860.91. Rejected between October 22, 1934, and December 11, 1934.''

On application John Locotosh was granted leave by the Probate Court to amend the exceptions theretofore filed by him to the said schedule of debts ''so as to request the court to determine that the claim filed by him be found to be a valid debt of said estate and said administratrix be ordered to pay the same.''

Thereupon the matter came on to be heard upon the exceptions of John Locotosh to the schedule of debts as amended, and ''it appearing to the court that the only question raised by said exceptions is whether or not the claim of said John Locotosh is a valid claim against the estate of said decedent, and the court being of the opinion that it is without power as a matter of law to decide the question of the validity of said claim in this proceeding, it is ordered that said exceptions be

and the same are hereby dismissed. Exceptions noted for John Locotosh."

The above quoted language is from the journal entry of the Probate Court of Lake county.

Thereafter, error was prosecuted by John Locotosh to the Court of Common Pleas of Lake county, Ohio, wherein the judgment of the Probate Court was affirmed. Error is now prosecuted to this court by John Locotosh to reverse the judgment of the lower courts.

From this statement of the case, we must consider certain sections of the Probate Code. Section 10509-112, General Code, provides:

"Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. * * *"

This provision of the Probate Code was followed in the instant case and the claim when presented was rejected by the administratrix on or before December 11, 1934, being within four months from the date of the appointment of the administratrix.

Section 10509-136, General Code, provides:

"The holder of such [rejected] claim, within two months after its rejection, is required to bring his action against such administrator or executor, to enforce it, * * *."

It does not appear from the record whether the holder of this rejected claim brought his action against the administratrix to enforce his claim within two months after its rejection, but if he did not bring such action within two months next after the rejection of the claim it is apparent to this court that the claimant lost his right of action unless some specific provision of the Code relieves him from the bar of the limitation provided by Section 10509-136, General Code.

In this proceeding it is claimed that the creditor is

not barred of his action under Section 10509-136, General Code, by reason of the provisions of Sections 10509-118 and 10509-119, General Code, it being urged by plaintiff in error that upon the filing of the exceptions to the schedule of debts in this estate it was the duty of the Probate Court to hear evidence as to the validity of the claim, and to allow or reject the same in accordance with the weight of such evidence, thereby reviewing the action of the administratrix in disallowing the claim, with the resultant effect of relieving the claimant of the bar raised against his claim because of his failure to sue within two months after the rejection thereof by the administratrix.

Section 10509-118, General Code, provides:

"Not later than five months after the date of his appointment, every executor or administrator shall make and return upon oath into court a schedule of all known claims, debts and liabilities against the estate, including any which may be known to the executor or administrator but not presented. Such schedule shall state the name and address of each claimant, the amount claimed, whether allowed or rejected, whether secured by mortgage or otherwise, and the date of maturity if not yet due."

The amended schedule of debts filed in this estate complied with the provisions of Section 10509-118, General Code, by setting forth the filing and rejection of the claim of John Locotosh against the estate of Paul Locotosh, Sr., deceased.

Section 10509-119, General Code (114 Ohio Laws, 428), as the same read before its recent amendment, provided as follows:

"Upon the filing of the schedule of debts the court shall forthwith set a day not later than one month after the day such schedule of debts was filed, for hearing on the schedule of debts, and shall give at least ten days' notice by registered mail or otherwise of the hearing, to the executor or administrator and to such

of the following as are known to be residents of the state and whose place of residence is known: surviving spouse, if any; next of kin; beneficiaries under the will, if any; all known creditors; the attorney or attorneys, if known, representing any of the aforementioned persons. Such notice may be waived in writing by any of the foregoing. For good cause the hearing may be continued for such time as the court deems reasonable. Exceptions to the schedule of debts may be filed at any time prior to five days before the date set for the hearing or the date at which such hearing has been continued as provided herein, by any person interested in the estate. At the hearing the executor or the administrator, and any witness may be examined under oath. The court must enter its finding on the journal and tax the costs as may be equitable.''

There is nothing in this section which provides what the court shall hear, or what order the court shall make. Certainly there is nothing in the section which sets aside or nullifies the express provision of Section 10509-136, General Code, which requires the holder of a rejected claim to bring suit thereon within two months after its rejection by the administratrix. The language of Section 10509-119 apparently makes it mandatory upon the court to have a hearing upon the schedule of debts, and exceptions thereto, if any, but the section does not provide the nature or kind of order which the court may make after the hearing therein provided for. Certainly the provisions of this section do not authorize the Probate Court to do more than find that all the claims which have been presented to the administratrix, or which have otherwise come to her knowledge, are correctly set forth in the schedule of debts, with the name and address of each claimant, the amount claimed, whether allowed or rejected, whether secured by mortgage or otherwise, and the date of maturity if not yet due. The section does not authorize the Probate Court to review the action of the

administratrix in rejecting or allowing a claim which has been presented to her.

There seems to be much confusion in the minds of members of the bar as to the purpose of this legislation. It is not the province of the courts to read into the statute anything beyond the fair import of the language used. We can see the purpose for the filing of the schedule of debts, and the hearing thereon, keeping in mind the duty enjoined upon the administratrix as to what the schedule of debts shall contain. The hearing had by the Probate Court, it seems to us, is solely to ascertain whether the administratrix has complied with the provisions of the statute as to the filing of the schedule and its prescribed contents. If correctly filed all who are interested in the estate may know the nature and amount of the claims against the same, by whom held, whether rejected or allowed by the administratrix, and, if rejected, the date of such rejection. This will enable the heir to determine the necessity for proceeding under the provisions of Section 10509-135, General Code, by the filing in the Probate Court of a written requisition on the administratrix, or executrix, to disallow and reject any claim shown in the schedule of debts. The filed schedule of debts will also inform all persons interested in the estate of the correct date upon which any claim presented to the administrator or executor has been rejected so that all persons interested in the estate may be able to determine the date upon which the statute of limitations begins to run against such rejected claim, apprising all persons interested in the estate of the exact condition of the estate by an inspection of the files of the Probate Court. The filing of the schedule of debts tends to prevent collusion between the administrator, or executor, and the holder of the rejected claim, and furnishes the basis upon which exceptions to the account of the

administrator or executor may be taken if such account should show the payment of a rejected claim.

One of the chief purposes of the new Probate Code was to expedite the settlement of the estates of deceased persons. The provision of the Code requiring the filing of the schedule of debts is but one of the steps to that end, and, taken in connection with the provision otherwise therein made for the filing of exceptions to the account of the administrator or executor, serves a very useful and proper purpose. The construction claimed by plaintiff in error would provide a duplication of remedies, and would tend to confuse rather than simplify the administration of estates. Ample provision is made in the Code for the holder of a rejected claim to bring action thereon in the Common Pleas Court, wherein the rights of the claimant are to be determined by a jury. We are not now attempting in any wise to construe the provisions of amended Section 10509-119, General Code, which became effective September 2, 1935, and which seemingly authorizes the Probate Court, without the intervention of a jury, to review the action of the administrator or executor as to the allowance or rejection of claims, and we are not here passing upon the constitutionality of the amended section wherein it undertakes to destroy, or at least abridge, the right of trial by jury. It may be said, however, that the finding and judgment of the Probate Court in this case do no violence to the rights of the parties to trial by jury, and are consistent with other statutes controlling the presentment and allowance of claims and with the right of the creditor to bring his action in the Common Pleas Court on such claim within the time limited by Section 10509-136, General Code.

We find and hold that there was no error in the judgment of the Common Pleas Court in affirming the judgment of the Probate Court, that substantial justice has been done, and the cause is therefore remanded to

the Probate Court for the further administration of the estate.

*Judgment affirmed.*

CARTER and ROBERTS, JJ., concur.