Matthias, J.
 

 There is but one question of law presented by the record in this case; that is whether the validity of a claim against an estate may be challenged by exceptions of a legatee to the final account of an administrator notwithstanding such claim theretofore had been allowed and paid following a hearing upon and overruling of the exceptions of the legatee to such claim presented in the schedule of debts duly filed, from which there had been no appeal or further proceeding relative thereto.
 

 The provisions of the statutes governing the procedure in the Probate Court relative to the matters
 
 *415
 
 involved in this controversy are to be found in Section 10509-118
 
 et seq.,
 
 General Code. A schedule of claims, debts and liabilities against an estate is required to be filed and hearing upon exceptions thereto is authorized. The provisions of Section 10509-119, General Code, are in part as follows:
 

 “At the hearing the executor or administrator and any witness may be examined under oath. The court shall have power to affirm, modify or reverse the action of the executor or administrator as to any item contained in the schedule of debts, excepting action on claims on which suit has already been brought, or which have been referred to referees, or which have been disallowed by requisition; and may dispose of any other matters properly raised by exceptions without the intervention of a jury.
 

 “Subject to the right of review, and to be opened up for fraud, collusion or mistake, the finding and order of the court shall be final as between parties who have filed exceptions or otherwise' voluntarily entered their appearance.”
 

 It is to be observed that authority is conferred upon the Probate Court to affirm, modify or reverse the action of the executor or administrator as to any item except as to claims on which suit has been brought or which have been referred to referees or which have been disallowed by requisition. These provisions afford a method for a prompt hearing and disposition of contested claims and evidence the very laudable purpose and intent to expedite the settlement of estates. Issue was made by the filing of exceptions to the schedule of debts and the proceeding thereupon became adversary in character. The action of the court thereon is expressly made final as to the parties specified in the statute, subject, of course, to-the right of review provided in subsequent sections, as to anyone who files exceptions to such schedule of debts or who otherwise voluntarily enters his appearance.
 

 
 *416
 
 It is quite apparent, however, that the method of procedure thus provided is not exclusive. An heir or creditor objecting to the allowance and payment of any claim clearly has the option to proceed in the manner provided by Section ,10509-135, General Code, which authorizes the filing of “ a written requisition on the administrator or executor, to disallow and reject a claim presented for allowance *
 
 *
 
 If a bond, with sufficient surety, to be approved by the probate judge, conditioned as therein required, is entered into, “the claim shall be rejected by such administrator or executor.” Then, under the provisions of Section 10509-136, General Code, the holder of such rejected claim must bring action to enforce it in the manner and within the time prescribed.
 

 The claim, the validity of which is here challenged, is not in either of the classes enumerated in Section 10509-119, General Code, which the Probate Court is expressly precluded from considering upon exceptions to the schedule of debts. No suit had been brought upon it; it had not been referred to a referee; and it had not been disallowed upon requisition. Hence, when Peasley, the legatee, sought the benefit of the remedy provided by Section 10509-119, General Code, and the court overruled his exceptions, the finding and order of the court was final unless there was fraud, collusioti or mistake. None has been claimed, and no appeal was taken. These statutory provisions are clear and unambiguous. If the results of their application are unsatisfactory, the power of amendment or repeal is in the legislative branch of the government.
 

 It is contended that the order of the Probate Court is not a final order by reason of its disclaimer of a purpose to decide the question of the validity of the claim upon its merits. It is to be observed, however, that the court by its order clearly and expressly overruled the exceptions Under the specific terms of the statute governing this procedure, that was a final order
 
 *417
 
 upon the issue made by the exceptions to the claim contained in the schedule of debts. There having been no appeal from that order as authorized by Section 10509-120, General Code, the exceptor is bound thereby. The administrator paid the claim in question and proceeded with the settlement of the estate. The same issue as to the validity of that claim cannot be again made by the same party and heard upon exceptions to the final account. Finding no error in the action of the Court of Appeals, its judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Hart, JJ., concur.