In re Estate of Kaffenberger.

202

(No. 839—Decided November 2, 1942.)

*Mr. C. W. Elliott,* for appellees, May Sheets, administratrix, and Conrad C. Stroh.

*Mr. John D. Andrews,* for appellants, surviving administrators of the estate of Gustave Kaffenberger.

MATTHEWS, P. J.  This is an appeal from an order of the Probate Court of Butler county setting aside an order of distribution previously made and ordering payment to the appellee, May Sheets, as executrix of the estate of Robert L. Sheets, deceased, the sum of $1,056, as compensation for services of her deceased

husband as master commissioner in an action instituted in the Common Pleas Court of Butler county by the adminstrators of the estate of Gustave Kaffenberger against The Shartle Brothers Machine Company, for an accounting of the value of certain shares of stock in the defendant company and accrued dividends thereon; and a further order appealed from is that made in favor of the appellee, Conrad C. Stroh, clerk of courts of Butler county in the sum of $97.53, for costs that were due him in the same action.

In the action against The Shartle Brothers Machine Company the court decreed that the plaintiffs as administrators of the Kaffenberger estate were entitled to an accounting. Thereafter, the administrators filed a motion in that action to have a master commissioner appointed to hear evidence and state the account, and, on this motion, Robert L. Sheets was appointed to hear evidence and report his findings to the court. This he did. The court confirmed the report and findings and rendered judgment for the administrators in these words:

"It is therefore considered by the court that the said plaintiffs recover from the said The Shartle Brothers Machine Company the said sum of $35,984.49 together with interest at (6%) six per cent per annum from July 1st, 1936, their costs herein expended including the sum of $1,056 which the court allows to the said Master for his services and expenses herein, taxed at $...........''

After execution was returned unsatisfied on this judgment, the administrators instituted an action in the nature of a creditor's bill against certain persons including the personal representative of the C. W. Shartle estate to recover the amount of the judgment, including the clerk's costs and the master commis-

sioner's fee. A settlement was made with the Shartle estate for $15,000, and the action is still pending against the other defendants.

After reaching this compromise agreement with the Shartle estate, the administrators of the Kaffenberger estate appeared in the Probate Court and requested the court to approve the compromise and for an order distributing the fund, and on their request, without notice to anyone, the court made an order on November 28, 1940, directing the distribution of the fund to the beneficiaries of the estate, who were the administrators, one of whom had died in the interim, and the order directed the payment of her share to her personal representative. The surviving administrators are the sole beneficiaries of the deceased administrator's estate.

On December 19, 1940, the appellees filed applications setting forth their respective claims, objecting to the distribution and praying that the order of distribution be set aside and that the administrators be ordered and directed to allow and pay their claims. In the interim, the appellees had caused execution for the amount of their claims to be issued against the Kaffenberger administrators on the judgment of the Court of Common Pleas and the execution had been returned unsatisfied before the hearing in the Probate Court. Upon hearing of these motions, the court granted them, set aside the order of distribution, found the facts as herein recited, and directed the administrators to pay these claims before making any distribution to the "heirs of said estate." That is the order appealed from.

The appellants urge that the Common Pleas Court rendered no judgment against the Kaffenberger estate in favor of the appellees and that the appellees'

whole case is predicated upon that erroneous assumption. It is quite true that no such judgment, in terms, was rendered against the Kaffenberger estate. On the contrary, the judgment purports to be in their favor and authorizes a recovery by the appellants of these items from the defendant in that case. But liability for costs of a person invoking the aid of a court results largely by operation of law and not from the express terms of a judgment.

In 11 Ohio Jurisprudence, 70, Section 72, it is said:

"Each party is primarily liable for his own costs,— that is, for the costs incurred at his instance; and where the prevailing party is given judgment for his costs, it is either upon the theory that he has paid them or because of his primary liability therefor, the object being, in the one case, to reimburse him, and, in the other, to furnish him indemnity to the extent that he may be compelled to pay them in the future."

So the liability of the Kaffenberger administrators for these costs results if these items are properly designated as costs incurred by them. And that they were seems clear from the facts already set forth. They invoked the jurisdiction of the court, they asked that the master commissioner be appointed, and the court on their prayer entered judgment in their favor on his report. Upon the rendition of services under such circumstances an implied promise would arise even if they had had no relation to pending litigation. And the clerk's charges against them are supported by the same considerations.

In *McCune Co.* v. *Warndorf,* 55 Ohio App., 279, 9 N. E. (2d), 709, it appeared that the court had adjudged that each party should pay his own costs, and the question was whether an execution could issue against the defendant for the expense of caring for

attached property, and this court held that that item was a part of the plaintiff's costs, and, therefore, under the judgment could not be recovered from defendant.

We think the Court of Common Pleas was right in finding the master commissioner's and clerk's fees to be a part of the costs incurred by the Kaffenberger administrators, and, therefore, properly included them in the judgment in their favor. If the finding in that respect were wrong, then their inclusion in the judgment would have been erroneous. *Bliss* v. *Long,* 5 Ohio, 276; *Russell* v. *Giles,* 31 Ohio St., 293. However, if the finding had been erroneous, it could not be attacked collaterally. The finding was conclusive in the Probate Court.

It is said that to enforce the appellees' claim summarily on their motions filed in the Probate Court in the estate case deprives the administrators of a right to a trial by jury, contrary to the constitutional guaranty.

It seems to us that this contention is answered by reference to the fact that these costs were incurred in a case in which there was no right to trial by jury and the court found them to be costs incurred by the administrators. They had their day in court in that case and could have contested the finding of the court, had they so desired. We do not mean to imply that a litigant in a case in which costs have been incurred is entitled to have an issue as to the taxability of costs submitted to a jury. There is no issue of fact. It results as a matter of law.

It should be observed that the claims of the appellees are not claims that existed against the decedent and, therefore, do not fall in the category of claims that must be presented to the administrators for allowance or rejection, and in the event of rejection, upon which suit must be filed within the statutory

time. They are debts incurred by the administrators in the process of administering the estate, and were incurred by and with the approval of the Probate Court, or, at least ratified by it by authorizing the acceptance of the fruits of the litigation. By Section 10501-53, General Code, the Probate Court is given jurisdiction to "direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates" and to "direct and control the conduct of fiduciaries and settle their accounts" and is given "plenary power at law and in equity fully to dispose of any matter properly before the court." These provisions certainly confer full authority upon the Probate Court to direct the administrators as to what expenses shall be incurred in the collection of the assets and the payment of expenses already incurred.

But it is argued that the appellees had other adequate remedies to which they should have resorted, and particularly to the remedy by execution issuing out of the office of the clerk of the Court of Common Pleas on the judgment rendered by it. This remedy is provided in Section 3028, General Code, for those entitled to costs. They did resort to it in vain and being in the position of judgment creditors, they were justified in seeking equitable relief to enforce the judgment. However, under Section 10509-140, General Code, no execution could properly be issued against the administrators in this situation "unless upon the order of the court which appointed him." Surely a court having authority to authorize an execution in its discretion, has authority to order the fiduciary to pay without subjecting the estate to the expense of an execution, and, furthermore, apparently this estate has no property that is subject to execution.

While the appellants point out various remedies

available to the clerk and master commissioner to enforce their claims, they assert that their claims cannot be asserted in an independent action, and, therefore, are not a predicate for the proceeding in the Probate Court in this case, and, particularly, it is said that they must wait until the final termination of the litigation and apparently until the satisfaction of the judgment in full.

In ,53 Corpus Juris, 817, it is said that: ''Where the entry of a final judgment with an award of execution concludes with an allowance to a referee, the setting aside of that judgment and the entry of one for a different amount, without mentioning the referee's allowance, does not affect the latter, the allowance not being inseparable from the judgment.'' And, at page 818: ''An action at law lies to recover the compensation fixed by statute, and the referee need not prove an express promise to pay.''

We are of the opinion that the Probate Court had full authority to control the conduct of these fiduciaries and to make the order appealed from and that no error was committed in the exercise of that authority.

The judgment is affirmed.

*Judgment affirmed.*

Ross and HAMILTON, JJ., concur.