In re Estate of Hedges: Bosley, Admr., Appellant, *v.* Lawrence et al., Appellees.

(No. 964—Decided December 9, 1943.)

*Messrs. Mouser & Mouser,* for appellant.

*Mr. Howard F. Guthery* and *Mr. Russell C. Price,* for appellees.

MIDDLETON, J. This is an appeal on questions of law from a judgment of the Probate Court of Marion county, Ohio, sustaining exceptions of Perry E. Lawrence and Ann Lawrence to the schedule of debts filed by George W. Bosley as administrator of the estate of Thomas Hedges.

Thomas Hedges died May 5, 1939, and on August 15, 1939, George W. Bosley was appointed administrator of his estate. Within four months thereafter, on November 14, 1939, Perry E. Lawrence presented a claim to the administrator, which was rejected on November 27, 1939. The claim was one for the recovery of expenditures made for repairs by P. E. and Ann Lawrence as remaindermen, and made necessary by waste suffered or committed by Thomas Hedges, the life tenant. The claim also set forth the payment of taxes by the remaindermen which it is alleged should have been paid by the life tenant. Thereafter, on January 10, 1940, the administrator prepared and filed a schedule of debts which included the claim of Perry E. Lawrence and listed it as rejected. Thereafter, to wit, on January 24, 1940, Perry E. Lawrence and Ann Lawrence filed exceptions to the schedule of debts. Due notice of the filing of the schedule of debts, the filing of the exceptions to the schedule, and of the hearing thereon was given to all interested parties.

Upon the hearing, the court made the following findings:

"This cause came on and was heard upon the schedule of debts and claims heretofore filed herein, the exceptions of Perry E. Lawrence and Ann Lawrence to said schedule of debts and the action of the administrator in rejection of their claim, the motion of George Bosley as administrator to make the exceptions more definite and certain, the amended exceptions, and the evidence.

"And the court find that notice of the filing of the

said schedule of debts, and of the exceptions thereto, and of the hearing thereon were duly given to all interested parties as required by law.

"The court further find from the evidence that the exceptions to said schedule of debts are well taken, and that the claim of Perry E. Lawrence and Ann Lawrence against the estate of Thomas Hedges should be allowed as a valid claim against the estate of Thomas Hedges, deceased, in the amount of $324.51, with interest on $251.92 from November 7, 1939, and with interest on $72.59 from March 31, 1940, at 6% per annum.

"It is therefore ordered that the said claim of Perry E. Lawrence and Ann Lawrence against the estate of Thomas Hedges, deceased, be and the same is hereby allowed as a valid claim against said estate in the amount of $324.51 with interest on $251.92 from November 7, 1939, and with interest on $72.59 from March 31, 1940, at 6% per annum, and that the said Perry E. Lawrence and Ann Lawrence recover from George Bosley as administrator of the estate of Thomas Hedges, deceased, the sum of $324.51 with interest on $251.92 from November 7, 1939, and with interest on $72.59 from March 31, 1940.

"It is further ordered that said schedule of debts and the action of the fiduciary in allowing claims listed therein be otherwise allowed and confirmed."

Motion for new trial was filed and overruled.

It is urged by the appellant that the Probate Court did not have jurisdiction to allow the claim on exceptions to the schedule of debts; that upon the rejection of the claim by the administrator the appellees were required to bring suit thereon in the Court of Common Pleas within sixty days from the date of the rejection of the claim.

This assignment of error involves a consideration

of the provisions of Sections 10509-119 and 10509-133, General Code, as effective September 2, 1935.

Section 10509-119, effective at the time (116 Ohio Laws, 398), was as follows:

"Upon the filing of the schedule of debts the court shall forthwith set a day, not later than one month after the day such schedule of debts was filed nor prior to one week from the day of publication of notice for hearing thereon. One week's notice of the hearing shall be given by publication thereof in a newspaper of general circulation in the county. If more than one schedule is specified in such notice the costs must be paid in equal proportions by the respective estates. In addition to the notice by publication, ten days' notice of the hearing shall be given to all creditors whose claims are shown on the schedule to have been rejected in whole or in part by the executor or administrator.

"For good cause the hearing may be continued for such time as the court deems reasonable. Exceptions to the schedule of debts may be filed at any time prior to five days before the date set for the hearing or the date to which such hearing has been continued as provided herein by any person interested in the estate. When exceptions are filed, notice of the filing thereof and the day when the same will be heard must forthwith be given to the executor or administrator and to his attorney, and to the claimant or claimants whose claims are in question and their attorneys, by registered mail or personal service, unless such notice is waived. At the hearing the executor or administrator and any witness may be examined under oath. The court shall have power to affirm, modify or reverse the action of the executor or administrator as to any item contained in the schedule of debts, excepting action on claims on which suit has already been brought, or which have been referred to referees, or which have been disallowed by requisition; and may dispose of

any other matters properly raised by exceptions without the intervention of a jury.

"Subject to the right of review, and to be opened up for fraud, collusion or mistake, the finding and order of the court shall be final as between parties who have filed exceptions or otherwise voluntarily entered their appearance."

Section 10509-133, General Code (116 Ohio Laws, 400), provided as follows:

"When a claim against the estate of a deceased person has been presented to the executor or administrator, and has been rejected by him in whole or in part, but not referred to referees, or if a claim has been allowed by the executor or administrator in whole or in part and thereafter rejected or further reduced by the court, the claimant or person deriving title from him, must commence an action thereon within two months after receipt of actual notice of such rejection or reduction, if the debt or any part of it be then due, or within two months after some part of it becomes due, or be forever barred from maintaining an action thereon; except that, in the event of the death, resignation or removal of such executor or administrator, within such two months' period and before action is commenced thereon, the action may be commenced within two months after the appointment of a successor; and provided that no claimant shall be permitted to bring an independent action on his claim after it has been heard and decided on the merits on exceptions to the schedule of debts filed by him.

"For the purposes of this section the action of a claimant shall be deemed to have been commenced when the petition and praecipe for service of summons on the executor or administrator have been duly filed."

Express authority was thus conferred by Section 10509-119, General Code, upon the Probate Court to affirm, modify or reverse the action of the executor or

administrator as to any items contained in the schedule of debts, except as to claims on which suit has been brought or which have been referred to referees or which have been disallowed by requisition; and the court may dispose of any other matters properly raised by exceptions, without the intervention of a jury.

The claim filed by Perry E. Lawrence does not come within any of the exceptions mentioned in Section 10509-119, General Code, which would preclude consideration by the Probate Court. No suit had been brought upon the claim; it had not been referred to a referee; and it had not been disallowed upon requisition. Therefore as the claim did not fall within any of the excepted classes the Probate Court had jurisdiction to hear and finally determine without the intervention of a jury. *In Matter of Estate of Beabout,* 136 Ohio St., 412, 26 N. E. (2d), 211; *In Matter of Estate of Blue,* 67 Ohio App., 37, 32 N. E. (2d), 499.

It is claimed, however, by the appellant that Section 10509-133, General Code, required claimant to file suit in the Court of Common Pleas within two months after the claim was rejected by the administrator.

Upon the rejection of his claim, Lawrence could have proceeded under the above section and commenced an action in the Court of Common Pleas within two months from the date of the rejection of the claim. However, this procedure is not exclusive. He also had the right to avail himself of the provisions of Section 10509-119, General Code, and except to the schedule of debts; he had the right to elect either to proceed under Section 10509-133, General Code, or to proceed under Section 10509-119, General Code. He elected to proceed under Section 10509-119, General Code, and to file exceptions to the schedule of debts, and having invoked this right, the Probate Court had jurisdiction to hear and finally determine the matter, subject to the right of review of such judgment.

524

This court finds that the Probate Court had jurisdiction to hear and determine all questions raised by the exceptions, and the holding of the court below on this point is sustained.

The only remaining assignment of error goes to the sufficiency or weight of the evidence.

As hereinbefore stated, the claim filed included expenditures made for repairs by Perry E. Lawrence and Ann Lawrence as remaindermen and made necessary by reason of waste suffered or committed by Thomas Hedges, the life tenant.

As disclosed by the bill of exceptions, evidence was received of expenditures made by the remaindermen for repairs, some of which may have been necessary by reason of waste committed by the life tenant and some of which clearly were not made by reason of waste committed by the life tenant, and there is no evidence proving which part of such expenditures were made necessary by waste and which were for improvements.

The bill of exceptions discloses that no evidence was offered as to the date of the death of the testator, Louise Taylor Hedges, nor the date Thomas Hedges, the life tenant, took possession of the property. The record is also silent as to the condition of the property at the time the life tenant took possession thereof.

Evidence was introduced to prove the condition of the premises at the date of the death of the life tenant. Without evidence of the condition of the property at the time the life tenant took possession, the court was not in a position to determine the extent of waste, if any, committed by the life tenant.

Thomas Hedges, as life tenant, was liable to the remaindermen for taxes not paid by him and which were a lien upon the premises during his life tenancy, so that the amount of such taxes was properly allowable to the remaindermen on their exceptions to the sched-

ule of debts. *Foulks, Exr.*, v. *Talbott, Exr.*, 74 Ohio App., 281, 58 N. E. (2d), 790.

As shown by the exceptions and judgment entry, the amount of unpaid taxes for which judgment was awarded, was $72.59 with interest at 6% per annum from March 31, 1940.

All of the judgment in excess of the above amount is for waste and is erroneous in that it is against the weight of the evidence, the evidence as to waste being such, as hereinbefore noted, that it is impossible to determine the amount of the expenditures, if any, made necessary thereby.

This error may be cured by remittitur of all that part of the judgment in excess of $72.59 with interest from March 31, 1940. If the appellee, within ten days after the announcement of this decision, files his written consent herein to remit all that part of the judgment in excess of the amount mentioned, the judgment will be modified accordingly and affirmed at costs of appellant. But if the appellee does not file his written consent to such remittitur within the time above limited, the judgment, for the error mentioned, will be reversed at the costs of appellee and the cause remanded to the Probate Court for a new trial and further proceedings according to law.

*Judgment accordingly.*

GUERNSEY, P. J., and JACKSON, J., concur.