In re Estate of Koplin: Smoyer, Exr., et al., Appellants, *v.* Moore et al., Appellees.*

(No. 4585—Decided January 18, 1956.)

*Mr. Fred O. Smoyer,* for appellant and Charles E. Smoyer, executor.

*Mr. Ernest L. Cunningham,* for appellant Dorothy M. Grosjean.

*Mr. Carl D. Sheppard* and *Mr. Howard C. Walker,* for appellees.

Hunsicker, J.   This is an appeal on questions of law from a judgment of the Probate Court of Summit County.

Charles E. Smoyer, executor under the last will and testament of Carrie M. Koplin, deceased, who is one of the appellants herein, filed with the Probate Court, under favor of Section 2117.16, Revised Code, a schedule of debts of that estate.

This schedule of debts came on for hearing according to Section 2117.17, Revised Code, upon a day certain and after exceptions to two of the allowed items therein were filed by certain of the legatees, the appellees in this action.   The Judge

*Motion to certify the record overruled, May 2, 1956.

of the Probate Court conducted a hearing on these exceptions, and, at the conclusion of the hearing, disapproved the action of the executor as to one of the items which the executor had allowed.

The Probate Court found from the evidence that the claim of one Dorothy Grosjean should have been rejected by the executor. As to all other items in the schedule of debts, the Probate Court determined that the executor acted properly in allowing and classifying each claim, and ordered, as to all items except the claim of Mrs. Grosjean, that the action of the executor be confirmed.

It is from this order of the Probate Court, disapproving the allowance of the claim of Dorothy M. Grosjean, that an appeal by said executor and Mrs. Grosjean is before this court.

The appellants say that the trial court did not have the statutory authority to disapprove an item in the schedule of debts which the executor had previously allowed, and that the order, as made by the Probate Court, is against the manifest weight of the evidence.

We shall first direct our attention to the question concerning the power of the court to disapprove an item in a schedule of debts which had theretofore been allowed as a valid debt of the estate by the executor.

Our attention has been directed to three cases from three different Court of Appeals districts. They are (1) *Locotosh* v. *Brothers, Admx.,* 52 Ohio App., 158, 3 N. E. (2d), 556 (Lake County, Seventh District), an action decided under the Probate Court statutes as they were in 1932; (2) *In re Estate of Hedges,* 75 Ohio App., 518, 62 N. E. (2d), 643 (Marion County, Third District), an action decided under the Probate Court statutes as they were in 1935; and (3) *In re Estate of Buchanan,* 82 Ohio App., 240, 81 N. E. (2d), 409 (Hamilton County, First District, in which case two members of this court were sitting by designation), an action decided under the Probate Court statutes as they were in 1941.

Our present action is governed by the Probate Court statutes as they were enacted in 1953. The statute that controls the situation before this court now is substantially the same as it was in 1941. Such statute, Section 2117.17, Revised Code

(former Section 10509-119, General Code), in its pertinent part, reads as follows:

"The court upon hearing shall determine whether the executor or administrator acted properly in *allowing and classifying* each claim and shall make an order confirming or disapproving such action.

"An order of the court disapproving the allowance of a claim shall have the same effect as a rejection of the same on the date on which the claimant is served with notice of the court's order." (Emphasis ours.)

It is to be observed in the reading of this section that specific authority is given the Probate Court to disapprove an allowed claim, but no authority is given which would permit the court to allow a claim which the executor had theretofore rejected. This conclusion is in entire accord with the opinion written by Judge Doyle in *In re Estate of Buchanan, supra,* and in which the writer of this opinion concurred. In all of the cases set out above, the court was discussing a situation where a claim rejected by the executor or administrator of an estate was sought to be allowed by a request to the Probate Court by means of exceptions to the schedule of debts. That situation is not before us in this case.

It is our conclusion that the Probate Court has statutory authority to disapprove, and thus, in effect, order rejected, a claim which, in the schedule of debts, filed pursuant to Section 2117.16, Revised Code, the executor had classified as an allowed debt or claim against an estate.

We come now to the second claim of error in the instant case. Is the judgment against the manifest weight of the evidence?

The evidence is that: Dorothy Grosjean duly filed her claim against the estate with Charles Smoyer as executor; the amount set out in the claim was $5,086; Mr. Smoyer thereupon made inquiry concerning the merits of the claim; he also had extensive personal knowledge of the relationship of Mrs. Grosjean and her aunt, Mrs. Koplin, the decedent. He also had talked with Mrs. Koplin in her lifetime about what Mrs. Grosjean was doing for her aunt; various checks showing expenditures by Mrs. Grosjean were introduced into evidence by Mr.

Smoyer. The only witness who testified at the hearing in the Probate Court was Mr. Smoyer.

Extensive cross-examination of Mr. Smoyer did not impair the merits of the claim as filed by Mrs. Grosjean, nor tend to distort the judgment exercised by the executor when he compromised the claim with Mrs. Grosjean. The cross-examination did disclose that some oral arrangement of purchase of the real estate in the estate by Mrs. Grosjean had been abandoned.

Where there is no evidence produced at the hearing on the schedule of debts which adversely affects the allowance of a claim, does the Probate Court have the power to refuse to confirm the act of the executor in approving a claim presented to him?

We think not. The hearing called for by the statute (Section 2117.17, Revised Code) is to provide an opportunity for the court, if exceptions are filed to the schedule of debts, to determine if the executor or administrator has acted, when he approved a claim, after due and proper examination of the validity of such claim, or whether he acted arbitrarily and without looking into the justness of the demand of a creditor. If the executor allowed a claim after evidence as to its validity had been furnished him, or which he, upon examination, found to be proper, then the court is required to confirm the schedule of debts submitted. Neither the court nor the executor can act arbitrarily in the matter.

The manner in which, under Section 2117.08, Revised Code, claims may be authenticated, and the further provision for reference of disputed claims (Section 2117.09, Revised Code), shows that the executor is given a wide discretion in the matter of claims against an estate.

The exceptors still have a right under the Probate Code to require the rejection of an approved claim, for Section 2117.13, Revised Code, provides for such a contingency in the event the executor allows a claim which an heir, devisee, legatee, creditor, or other interested person, believes should have been rejected. The claim then becomes a rejected claim, and the claimant must bring suit thereon provided by law.

We said in the first part of this opinion that the Probate Court does have the power to disapprove the allowance, by an

executor, of an approved claim; but we determine that the court can do so only upon a showing that the executor acted without due examination as to the validity of a claim presented to him.

In the instant case, the executor made a competent examination to determine the validity of the claim, and, in addition, he testified that he had extensive personal knowledge of the facts. In such a situation, there being no evidence offered to refute the conclusion as to validity reached by the executor, the Probate Court is required to find that the executor acted properly in allowing and classifying the claim. The exceptor legatees are relegated to their rights to have the claim rejected on requisition as provided by law.

The judgment herein is reversed as being against the manifest weight of the evidence. The cause is remanded to the Probate Court for further proceedings in accord with this opinion.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and DOYLE, J., concur.