IN RE ESTATE OF ALEXANDER: KOHN, APPELLANT, *v.* CULP, APPELLEE.

(No. 5568—Decided May 28, 1957.)

*Mr. Harry Kohn, in propria persona.*
*Mr. Vernon L. Stouffer,* for appellee.

PETREE, P. J.  This is an appeal on questions of law from a judgment of the Probate Court which was heard in that court

upon exceptions filed by Nettie Culp, devisee under the will of Harry E. Alexander, to the final account of the executor of the estate.

The judgment complained of reduced the fees of Harry Kohn as executor from $4,052 to $1,552 and ordered the execu-tor to refund to the estate the difference, in the amount of $2,500. It also reduced the amount of attorney's fees from $5,000 to $4,000 and ordered Harry Kohn, as attorney, to refund to the estate the sum of $1,000. The final account indicates a total estate of $71,628.20.

The record shows that the application for executor's ex-traordinary compensation and attorney's fees was filed on June 4, 1954, in the Probate Court, and on the same day the en-try was approved fixing the value of the extraordinary services of the executor at $2,500 and the value of the legal services at $5,000, the entry in each case reciting "to date," that is, to June 4, 1954. The remaining $1,552 appearing in the final account seems to be made up from what the executor interpreted as regu-lar executor's compensation.

The application and entry of June 4, 1954, contained no proof of notice to Nettie Culp, appellee herein, or to anyone else before the allowance of the extraordinary fees and attor-ney's fees. The first appearance of the appellee in the way of contest of the amount was when she filed her exceptions to the final account on February 15, 1955. The record shows that the final and distributive account was filed and suspended for hearing on February 2, 1955. Hearing on exceptions was set for March 7, 1955.

Appellant makes the following assignment of errors:

"I. The judgment was contrary to law for the reason that the court was without jurisdiction to set aside and reverse the judgment rendered at a prior term of court by Hon. C. P. Mc-Clelland, the then judge thereof.

"II. Said judgment was contrary to law because the judg-ment theretofore rendered by Hon. C. P. McClelland consti-tuted *res adjudicata.*"

Based upon the above claimed assignment of errors, the appellant asked that the judgment of the Probate Court of Franklin County be reversed; that judgment be rendered in his

favor; and that he be restored to all things he has lost by reason thereof.

When specific written exceptions to a final account of an executor have been timely filed, we hold that it is within the power of the Probate Court to sustain such exceptions to the account, and modify an allowance of fees made at a prior term of court, when such allowance had been made without notice to the interested party and no objections had been made by such party at the time of the determination of the amount of the fees. In view of the procedure which was followed by the executor, Kohn, we believe the exceptions filed by the appellee, Culp, constituted the proper method to challenge the validity and propriety of the amount of special executor's fees and attorney's fees during the administration of the estate. This view is sustained by the Supreme Court of Ohio in the case of *In re Estate of Butler,* 137 Ohio St., 96, 28 N. E. (2d), 186, in paragraph one of the syllabus, which is as follows:

"1. Where no exceptions have been filed in the Probate Court to a schedule of debts against a decedent's estate as permitted by Section 10509-119, General Code, and although the schedule of debts as filed has been approved by the Probate Court and the claims listed therein paid by the administrator, the validity of such claims may still be challenged by exceptions of a legatee to the account of the administrator which shows that the latter has allowed and paid such claims."

Since there had been no litigation of the question at the time of the application and entry allowing fees on June 4, 1954, there was no relitigation when the question came before the Probate Court on the exceptions to the final account. That situation serves to distinguish the instant case from that reported in *In Matter of Estate of Beabout,* 136 Ohio St., 412, 26 N. E. (2d), 211, where the question had been litigated at the time of the hearing on the schedule of debts. In that case the court said, in the first paragraph of the syllabus, that the finding and order of the Probate Court overruling exceptions to an item contained in the schedule of debts involving a claim upon which the Probate Court is authorized by these provisions to act, are final as to parties filing exceptions or otherwise voluntarily entering their appearance, subject only to the right of

review or to be opened up for fraud, collusion or mistake. It is our opinion that the mere written application and entry allowing attorney's fees did not constitute a litigation or final order as to parties who received no notice, filed no exceptions, and did not otherwise voluntarily enter their appearance.

Based upon the record of this case and the decisions of the Supreme Court of Ohio cited herein, we hold that the Probate Court of Franklin County had jurisdiction in the hearing on the exceptions to the final account to modify a former order made at a preceding term of court and that the former order was not a final judgment so as to constitute *res judicata*. The test, suggested by the appellant, in *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St., 121, 91 N. E., 988, paragraph two of the syllabus, that when a matter has been finally determined in an action by the same parties the judgment is conclusive, is not met in the instant case because Nettie Culp was neither present nor summoned to become a party in the first hearing. We find both assignments of error not well taken, and the judgment of the Probate Court is sustained.

*Judgment affirmed.*

Miller and Hornbeck, JJ., concur.

Hornbeck, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District.