In re Estate of Stutz.

[Cite as In re Estate of Stutz, 1 Ohio App. 2d 188.]

(No. 795—Decided February 11, 1964.)

*Mr. Floyd D. Smith,* for appellant estate of O. A. Stutz.
*Messrs. Pickrel, Schaeffer & Ebeling* and *Mr. Gordon H. Savage,* for appellants United Theological Seminary of Dayton and American Bible Society.
*Messrs. Spidel, Staley, Hole & Hanes,* for appellees.

CRAWFORD, J.   Madge W. Bailey and Irvin D. Hangen are the co-administrators with the will annexed of the estate of O. A. Stutz, deceased.

Madge W. Bailey individually claims that the estate owes her $21,140 with interest for services rendered the deceased, and she presented a petition for allowance of the claim. It appears that the necessary procedure was followed in accordance with Sections 2117.01 *et seq.,* Revised Code.

The court, pursuant to Section 2117.03, Revised Code, appointed Floyd D. Smith as an attorney ''for the purpose of defending the estate against a claim presented by Madge Bailey for her services rendered to the decedent as an individual.'' The firm of Brumbaugh & Brumbaugh are counsel for the administrators in the settlement of the estate, but are not participating

in these proceedings. The firm of Spidel, Staley, Hole & Hanes filed the petition of Madge W. Bailey individually.

Mr. Floyd D. Smith, as special counsel, filed an answer and cross-petition to the petition of Madge W. Bailey, in which he attempted to join as a party Lester G. Bailey, the husband of Madge Bailey, and prayed for judgment against both the Baileys for balances allegedly owing from them to the estate on certain promissory notes. Madge W. Bailey did not sign the cross-petition; only the co-administrator did so. Summons was issued and served upon both Baileys. The firm of Pickrel, Schaeffer & Ebeling filed an answer only to the petition of Madge W. Bailey on behalf of certain residuary legatees, but are participating with special counsel Floyd Smith in prosecuting this appeal.

Madge W. Bailey moved to strike the answer and cross-petition from the files because it purported to be filed by her and because the court does not have jurisdiction to determine the matters raised therein. Lester G. Bailey appeared specially and moved that the summons be quashed as to him and that he be dismissed as a party.

These motions were sustained, the answer and cross-petition was stricken from the files, and Lester G. Bailey was dismissed as a party.

From this judgment Floyd D. Smith, as special counsel for the estate, appealed. The residuary legatees although filing only an answer, nevertheless joined in the notice of appeal and in its presentation.

Prior to the filing of the answer and cross-petition special counsel for the estate had moved to have Lester G. Bailey made a party defendant and to have Madge W. Bailey removed as administratrix. Both these motions had been overruled, and no appeal was ever taken from that action of the court. Hence, the rulings on those motions, although mentioned in the briefs, are not before us.

Appellants subdivided their contentions into several assignments of error. However, the basic question is whether the Probate Court had jurisdiction to entertain the causes of action upon the notes against Madge W. Bailey and Lester G. Bailey as set forth in the answer and cross-petition.

As is frequently observed, the Probate Court is a court of

limited constitutional and statutory jurisdiction. Its jurisdiction is derived first from Section 8, Article IV of the Constitution, which provides:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

The general statutory provisions concerning the jurisdiction of the Probate Court are contained in Section 2101.24, Revised Code. The statutes more specifically involved here are Sections 2117.01 et seq., Revised Code.

From these provisions it is clear that the Probate Court has jurisdiction to pass upon the claim of the executrix. We find no provision, however, whereby it is authorized to proceed further in such a proceeding to examine into a claim of the estate against the administratrix and her spouse. The Probate Court based its judgment upon such lack of authority.

That judgment is in harmony with the decisions. Two cases decided by Probate Courts are cited in the briefs. *In re Estate of Smith* (1952), 67 Ohio Law Abs., 409, is a case in which one who was a co-administrator of his deceased mother's estate filed jointly with his wife, who was not an administratrix, a petition for allowance for services jointly rendered by them. The court held that the Probate Court has exclusive original jurisdiction over the claim of an administrator or executor against his decedent's estate, that the services rendered by the husband and wife could not be separated and the claim was not divisible, and that these claimants being united in interest must be joined as parties.

In *Fults, Admrx.,* v. *Kinnear* (1939), 28 Ohio Law Abs., 645, the court in the exercise of its equity powers ordered such a distribution of the proceeds of war risk insurance of the decedent as would tend to rectify an erroneous partial distribution previously made by the Veteran's Bureau. It was held, however, that the court could not order a refund of the money already erroneously paid.

The opinion of the Probate Court in the case now before us made reference to two decisions by Courts of Appeals. It was held in *In re Estate of Kaffenberger* (1942), 71 Ohio App. 201, that the Probate Court had authority to order the administrators of an estate to pay court costs incurred by them in an action which they had brought in Common Pleas Court.

In the case of *In re Estate of Shafer* (1944), 77 Ohio App., 105, exceptions to an inventory involved determination of the validity of a separation agreement. The Probate Court was held to be authorized to determine this question because it was incidental to exercise of the jurisdiction conferred upon it by the Constitution.

The Probate Court in our present case also considered two other probate decisions: *In re Estate of Logan* (1955), 71 Ohio Law Abs., 391, in which the court decided that it had jurisdiction to hear and determine, upon the application of a widow and surviving spouse, her interest in an oral lease of land belonging to the decedent; and *Reibold* v. *Evans* (1938), 28 Ohio Law Abs., 266, in which the court apportioned conservancy district assessments between a life tenant and remaindermen.

The Probate Court in our present case concluded that:

"These cases establish the principle that once the Probate Court is given the jurisdiction to hear a specific matter, then it has the jurisdiction to determine all the facts and ramifications thereof. Section 2117.02 of the Revised Code upon which this petition rests grants to the court the right to determine and evaluate the claim of this fiduciary. To conclude this court has now the right to determine and evaluate all the financial transactions which took place between the decedent and this fiduciary prior to the time of his death and render money judgment is going beyond the scope of this statute. Until this law is changed and the jurisdiction is given by the General Assembly, this court cannot act."

We believe that this conclusion is inescapable.

The answer is responsive to the petition and should be allowed to stand as the answer of the co-administrator on behalf of the estate. In all other respects the judgment will be, and hereby is, affirmed.

*Judgment accordingly.*

KERNS, P. J., and SHERER, J., concur.