IN RE ESTATE OF BOCHIK.

(No. 48537—Decided May 13, 1985.)

*Charles H. Hall,* for appellee Katherine Bochik, executrix.
*D. Kevin O'Reilly,* for appellant.

ANN MCMANAMON, P.J. On February 21, 1984, appellee, Katherine Bochik, executrix of the estate of Joseph Bochik, filed a schedule of claims in the Probate Court of Cuyahoga County. She included a motion for instructions which requested that the court approve the order of priority of payment of claims which she had listed. Appellee further requested that the court set the matter for hearing pursuant to R.C. 2117.17.

Appellant, BancOhio, an unsecured creditor of the estate, received notice of the hearing, "but chose not to attend the hearing, relying on the state of the record." (Appellant's brief.) The record indicates that on December 27, 1983 BancOhio had obtained a valid judgment against Bochik's estate in an action brought in the Court of Common Pleas of Geauga County.

At a hearing on March 12, 1984, the probate court ruled that certain claims including costs of administration and the year's allowance for the surviving spouse be treated as preferred claims. The court also ordered that the balance of the proceeds of the estate be shared proportionally among those creditors who were present at the hearing.

BancOhio appeals from this judgment, raising a single assignment of error.[1]

---

[1] "The Probate Court of Cuyahoga County, Ohio erred as a matter of law in ordering that the balance of the proceeds of the estate, after the payment of priority claims, be paid proportionally only among the creditors present at the hearing on the schedule of claims and the motion for instruction pursuant to Section 2117.17 O.R.C."

It is the appellant's position that the probate court exceeded its statutory authority by excluding appellant from its ratable share of the residue of the estate after the payment of priority claims. BancOhio argues that the statute does not limit ratable recovery to those creditors who appear at a hearing on the schedule of claims. We agree.

R.C. 2117.17(B) provides that when a schedule of debts is assigned for hearing, the executor or administrator must serve notice upon certain claimants and creditors as follows:

"If it appears probable that there will not be sufficient assets to pay all of the valid debts of the estate in full, then such notice also shall be given to all creditors and claimants whose claims have been rejected and whose rights have not been finally determined by judgment, reference, or lapse of time."

It appears that the purpose of this provision is to notify the specified creditors and claimants that a hearing will be provided, at which they may present arguments in support of their rejected and undetermined claims.

The plain language of Section (B) clearly does not apply to BancOhio. Under that statute, a creditor whose claim has been allowed or whose rights have been previously determined by a valid judgment against the estate, need not be served with notice of the hearing. In construing the procedural requirements outlined in the earlier version of this provision (G.C. 10509-119), the Court of Appeals for Marion County in *In re Estate of Hedges* (1943), 75 Ohio App. 518 [31 O.O. 301], held that the probate court had express authority under that section "* * * to affirm, modify or reverse the action of the executor or administrator as to any items contained in the schedule of debts, *except as to claims on which suit has been brought* * * *." (Emphasis added.) *Id.* at 522-523. The record demonstrates that BancOhio's claim was allowed by ap-

pellee, and had been reduced to judgment. The executrix not only listed appellant's claim as "allowed" on the schedule of debts, but also acknowledged in a footnote on the schedule that appellant had obtained a valid judgment.

We note that, even as to a creditor whose claim has been disallowed or whose claim has not been reduced to judgment, all the section requires to make the court's order final is receipt of notice. The statute does not make attendance at the hearing a condition for inclusion in the court's order.

R.C. 2117.17 further provides for the content of the notice:

"The notice * * * shall state that a hearing concerning the debts has been scheduled, shall set forth the time and place of the hearing and shall state that the action of the executor or administrator in allowing and classifying claims will be confirmed at such hearing unless cause to the contrary is shown. * * *"

A copy of the notice which was sent to BancOhio demonstrates failure by the executrix to comply with this portion of the notice provision. The notice stated the following:

"You will take notice that in Cuyahoga County Case No. 950474 Docket 949 of the Probate Court entitled the Esate [sic] of Joseph Bochik, deceased, the Executor [sic] has filed a motion pursuant to Ohio Revised Code Section 2117.17 asking that the Schedule of Claims be set for hearing and for the further finding that the estate is insolvent. Said Executor [sic] further asks for the approval of the priority of the payment of said claims.

"Said hearing will be on before the Probate Court of Cuyahoga County, Ohio at 9:00 a.m. on Monday, March 12, 1984 in room 254 of Cuyahoga County Courthouse, Lakeside Avenue and Ontario, Cleveland, Ohio."

BancOhio was neither apprised that the executrix was allowing its claim, nor

that the court would confirm an allowance unless "cause to the contrary [was] * * * shown" at the hearing. The notice specified only that the court would determine the insolvency of the estate and whether the executrix had set forth the priority of payment in accordance with the statute. Nothing in this notice indicated that it was essential that BancOhio be represented at the hearing.

The notice provisions of R.C. 2117.17 also state:

"* * * The court may cause or permit other interested persons to be served with notice and witnesses to be subpoenaed as may be required to present the issues fully.

"The court, upon hearing, shall determine whether the executor or administrator acted properly in allowing and classifying each claim and shall make an order confirming or disapproving such action."

The probate court has statutory authority to disapprove, and thus, in effect, order rejected, a claim which, in the schedule of debts filed pursuant to this section, the executor has classified as an allowed debt or claim.

However, a probate court cannot act arbitrarily; and, where no evidence is offered to refute the conclusion as to the validity of a claim reached by the executor, the court is required to find that the executor acted properly in allowing and classifying the claim. See *In re Estate of Koplin* (1956), 100 Ohio App. 553 [60 O.O. 421].

In the instant case, the court made no finding that the executrix had improperly allowed or classified any of the general unsecured claims, including that of the appellant. Nor was there a contention by appellee or any other interested party that BancOhio's claim should be disallowed. We find that, since appellee listed the claim as allowed and no cause was shown on the merits to disallow it, the court, in effect, arbitrarily rejected the claim and penalized appellant for failure to attend a hearing at which its presence was not mandated.

R.C. 2117.25 delineates the order in which assets of the estate are to be applied to satisfy the debts of the deceased. The section provides in pertinent part:

"No payments shall be made to creditors of one class until all those of the preceding class are fully paid or provided for. In the event of an insufficiency of assets to pay all the claims of one class, the creditors of that class shall be paid ratably."

The record discloses that Joseph Bochik's estate was insolvent. The executrix asked the court to declare the estate insolvent in her motion for instructions.

R.C. 2117.25 clearly requires that creditors of a given class of an insolvent estate be paid ratably. Nothing in that section or in R.C. 2117.17, which provides for the hearing on a schedule of debts, restricts payment to creditors who appear at the proceedings.

After review of the pertinent statutes, we find that the probate court impermissibly excluded appellant from its ratable share of the residue of the estate to which it is entitled after the payment of priority claims.

Appellant's assignment of error is well-taken.

Accordingly, the judgment of the probate court is reversed, and this cause is remanded to the probate court for the purpose of modifying its order to include appellant among the creditors to be paid ratably out of the balance of the estate after the payment of priority claims.

*Judgment reversed*
*and cause remanded.*

KRUPANSKY and BROWN, JJ., concur.

WILLIAM B. BROWN, J., retired, of the Supreme Court of Ohio, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.