OPINION
{¶ 1} Plaintiff-appellant, Carl Starks, appeals the decision of the Franklin Municipal Court, dismissing his complaint against the estate of Goldie Margaret Starks for lack of jurisdiction.[1] We reverse the decision of the trial court and remand this matter for further proceedings.
 {¶ 2} Appellant paid expenses totaling $5,059.90 for the decedent's funeral. In March 2003, appellant filed a claim against Starks' estate for reimbursement of these expenses. In June 2003, defendant-appellee, Georgia Patrick, executrix of the estate, rejected the claim. Appellant then filed a complaint in the trial court seeking payment of the rejected claim. The complaint named appellee individually as the defendant. However, an amended complaint naming appellee in her fiduciary capacity as executrix of the estate was later filed.
 {¶ 3} Appellee filed a motion to dismiss the complaint for lack of jurisdiction, alleging that, pursuant to R.C. 2117.12, only the common pleas court has jurisdiction over the action. The trial court granted the motion finding that it indeed lacked jurisdiction to hear the matter. Appellant appealed, arguing that the trial court erred in dismissing the complaint for lack of jurisdiction.
 {¶ 4} R.C. 2117.12 provides the procedural mechanism for challenging an administrator's decision rejecting a claim of a creditor against an estate. While the statute does not expressly provide in what court this action must be brought, an unbroken line of case law states that this is a civil action which must be brought in a court of "general jurisdiction," as opposed to the probate court, a court of limited jurisdiction. See MaxineLindsay, et al. v. Royse (Mar. 1, 1993), Butler App. No. CA92-06-111; Mainline Constr. Co. v. Warren (P.C. 1967),11 Ohio Misc. 233, citing McLaughlin v. McLaughlin (1855),4 Ohio St. 508; In re Estate of Stutz (1964), 1 Ohio App.2d 188; In reEstate of Koplin (1956), 100 Ohio App. 553; Schroyer v.Hopwood (1940), 65 Ohio App. 443; Flax v. Oppenheimer (C.P. 1938), 12 Ohio Ops. 48. Consequently, provided territorial restrictions and the jurisdictional amount permit, an action by a creditor may be brought in the common pleas court, municipal court, or county court. See Anderson's Ohio Probate Practice andProcedure (2004), Section 14.08.
 {¶ 5} The municipal court exercises concurrent jurisdiction with the court of common pleas, subject to the municipal court's monetary jurisdiction, in "any action or proceeding at law for the recovery of money or personal property." R.C. 1901.18(2). The municipal court's monetary jurisdiction is capped at $15,000. R.C. 1901.17. In the present matter, there is no dispute that appellant's claim falls within the territorial and monetary jurisdictions of the municipal court. Consequently, we conclude that the municipal court has jurisdiction over the present claim, concurrent with the jurisdiction of the court of common pleas.
 {¶ 6} While no appellate court has directly addressed whether the municipal court has jurisdiction in such an action, appellate courts have addressed cases involving similar facts, without finding a jurisdictional bar to bringing such a claim in a municipal court. See, e.g., Stull v. Jentes (1985),24 Ohio App.3d 127; Johnson v. Middleton (1989), 66 Ohio App.3d 783. Were a jurisdictional bar to exist, these courts would, or should, have sua sponte dismissed the appeals on jurisdictional grounds. Civ.R. 12(H)(3); See Thrower v. City of Akron, Summit App. No. 21061, 2002-Ohio-5943 (issue of subject matter jurisdiction is never waived and a court may raise the issue sua sponte). Instead, in each case, the appellate courts proceeded to consider the cases on grounds unrelated to the municipal court's exercise of jurisdiction.
 {¶ 7} We find that the trial court erred in dismissing the action for lack of jurisdiction, and sustain the assignment of error.
 {¶ 8} Judgment reversed and cause remanded.
Young, P.J., and Valen, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.