LEE, APPELLANT, *v.* JENNINGS TRANSFER CO. ET AL.,
APPELLEES.
LEE ET AL., APPELLANTS, *v.* JENNINGS TRANSFER CO. ET AL.,
APPELLEES.

[Cite as Lee v. Jennings Transfer Co.,
14 Ohio App. 2d 221.]

(Nos. 308 and 310—Decided November 7, 1967.)

*Mr. Richard J. Thomas,* for appellants.
*Messrs. Summers, Haupt & Theisen,* for appellees.

GRAY, J. These causes are in this court on appeals on
questions of law from a judgment refusing consolidation of
two cases which were filed in the Court of Common Pleas of
Washington County, and from an order dismissing the peti-
tion filed in cause No. 308. Cause No. 310 is styled *Arminta
Lee and Homer R. Lee* v. *Jennings Transfer Company, a
Corp., Kermit E. King and Duane Raines*; and cause No.
308 is styled *Homer R. Lee* v. *Jennings Transfer Co., a
Corp., Kermit E. King and Duane Raines.*

In cause No. 308 plaintiff prays for damages for injuries to himself. In cause No. 310 plaintiff Arminta Lee seeks damages for injuries to her person while Homer R. Lee seeks damages for loss of consortium. These causes were joined in one petition with two causes of action.

From the nature of these two cases, the appeals will be considered together in this opinion.

Plaintiffs, feeling aggrieved by the action of the trial court, filed their notice of appeal and assigned the following errors in cause No. 310, which assignments are as follows:

"1. Abuse of discretion in not granting plaintiff's motion for consolidation of cases 26,667 and 26,668 of the Court of Common Pleas.

"2. Other errors of law apparent from the record."

We believe these assignments of error are not well taken for the following reasons:

Section 2309.64, Revised Code, states, in part:

"When two or more actions are pending in the same court, on motion and notice to the adverse party, the *defendant* may require him to show why they should not be consolidated. * * *" (Emphasis added.)

From the language of that statute it appears that only a defendant can move for consolidation after the actions have been filed. The defendants here have not done so.

We direct attention to the annotation which appears in 68 A. L. R. 2d 1372, at page 1376, which points up a significant difference in the various types of consolidation. The author, citing *McKinney* v. *Greenville Ice & Fuel Co.* (1958), 232 S. C. 257, 101 S. E. 2d 659, says:

"* * * that in true consolidation the several actions are combined into one, losing their separate identities and becoming a single action in which a single judgment is rendered, whereas if they are simply tried together for convenience or, as it is sometimes said, 'consolidated for trial,' they do not merge into one, but each remains separate in all procedural matters other than the joint trial, * * *."

Appellants have urged in their briefs that true consolidation should take place. We do not think that possible under the state of the record, the pleadings and the provisions of the Revised Code. At the time the cases were filed,

plaintiffs were required to file their various causes of action according to the rules set forth in the Revised Code and the case law of Ohio. We do not think that true consolidation or merger can be accomplished as plaintiffs contend. We think that the only type of consolidation that could take place would be consolidation for purpose of trial and that there could not be a merger of the actions. Under our procedure, plaintiffs are required to adopt a theory of their various causes of action at the outset and then to prosecute them to finality. Only in this manner can an orderly process of the law be had.

Plaintiffs recognize the fact that the ruling of the trial court denying consolidation can only be reversed by a reviewing court by a finding by that court that the trial court abused its discretion. We are unwilling to make such finding. To constitute an abuse of discretion, an unreasonable, arbitrary or unconscionable attitude on the part of the trial court must be shown by the party asserting a claimed abuse of discretion. The record does not support such a finding. This is another compelling reason for not reversing the judgment of the trial court.

This court wishes to cite the case of *Brigel* v. *Creed*, 65 Ohio St. 40, wherein the third paragraph of the syllabus is as follows:

"The purpose of Section 5120, Revised Statutes, providing for the consolidation of actions, is the savings of costs to the parties; and no error can be assigned on the refusal of the court to order consolidation, unless it appears that costs were thereby unnecessarily created and taxed to the defendant."

It should be pointed out that Section 5120, Revised Statutes, is the antecedent of Section 2309.64, Revised Code. Minimization of costs has not been mentioned as a reason for consolidation. None of the defendants has made any request for consolidation.

For the reasons above stated the first assignment is not well taken.

Appellant assigns the following errors in cause No. 308:

"1. The court erred in sustaining the motion [treating

the same as a demurrer] of defendants to dismiss plaintiff's petition, on the grounds claimed therein by defendants.

"2. The defense of prior pending action or 'splitting' was improperly raised by defendants.

"3. Abuse of discretion in not granting plaintiff's motion for consolidation of cases 26,667 and 26,668 of said court.

"4. The court erred in not recognizing the dismissal by plaintiff of the claimed prior pending action for the same cause [second cause of action, case 26,667] and/or abused its discretion in deferring with deliberation the signing of the journal entry of dismissal of the said alleged prior pending action."

We believe that plaintiff had the right to dismiss the second cause of action contained in his petition filed in cause No. 26,667 (No. 310—Court of Appeals) any time before submission of the case to the jury. Section 2323.05, Revised Code. He indicated his desire to do so on April 27, 1967, the day before the trial court dismissed his petition in cause No. 26,668 (now case No. 308—Court of Appeals). We believe the trial court committed prejudicial error in dismissing this petition.

In recapitulation, the judgment of the trial court is affirmed in regard to consolidation of causes Nos. 26,667 and 26,668 in that court. The trial court committed prejudicial error in dismissing the petition in cause No. 26,668; and, therefore, such judgment is reversed. Therefore, the cause is remanded to the trial court for further proceedings according to law and this opinion.

*Judgment reversed in part and affirmed in part.*

CARLISLE, P. J., and ABELE, J., concur.