COX, APPELLEE, v. FISHER FAZIO FOODS, INC., APPELLANT.

(No. 47628—Decided June 4, 1984.)

*Mr. John J. McCarthy* and *Mr. Richard Alkire,* for appellee.

*Mr. William F. Scully, Jr.,* for appellant.

CORRIGAN, P.J. On April 6, 1979, appellee, Ellen Cox, was injured while working as a food demonstrator at a store owned by appellant, Fisher-Fazio Foods. On May 22, 1979, the appellant received a letter stating that the appellee was being represented by counsel. The appellant began an investigation of the incident after receipt of the letter, and several months thereafter concluded that it was liable for the appellee's injury. However, after the appellee instituted suit against the appellant, on January 16, 1981, the appellant denied liability for the appellee's injury. The appellant had also begun a reserve fund to cover its potential expenses regarding the injury.

The appellee originally sought $20,000 as compensation for her injury. That amount was later reduced to $12,500 and then to $10,000. In January 1982, the appellant received a copy of the appellee's emergency room report. It received a full medical report on appellee's injury in December 1982. Unconvinced of the veracity of these findings, appellant requested that the appellee see another physician. The final settlement offer of the appellant was $2,000.

The case went to trial, and on September 28, 1983, the jury awarded the appellee $5,395. The trial court subsequently granted the appellee's motion for prejudgment interest. It is that ruling by the trial court which is the subject of this appeal. We must now address the following assignment of error:

"The trial court committed reversible error by granting plaintiff-appellee's motion for assessment of prejudgment interest."

Effective as of July 5, 1982, R.C. 1343.03(C) reads:

"Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Initially this court feels constrained to comment on the action of the General Assembly, in its wisdom, enacting a statute granting wide discretion to a trial judge to allow prejudgment interest without providing any standard for such assessment beyond a so-called good faith effort. While the language used includes the words "the court determines," it stops short of requiring findings of fact and conclusions of law. It does call for a hearing, which was conducted in this case

and the parties were afforded the opportunity to argue their respective positions. The appellant contends that the evidence does not establish that it failed to make a good faith effort to settle the case, or that there was sufficient evidence to show that appellee did make a good faith effort. The appellant thus maintains that it was error for the court to award prejudgment interest.

An award of prejudgment interest is within the discretion of the trial court. *Cincinnati Ins. Co.* v. *First Natl. Bank* (1980), 63 Ohio St. 2d 220 [17 O.O.3d 136]; *Reiss Steamship Co.* v. *United States Steel Corp.* (C.A. 6, 1970), 427 F. 2d 1152. The term "abuse of discretion" has been defined by the Ohio Supreme Court in *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217:

"The term 'abuse of discretion' was defined by this court in *State* v. *Adams* (1980), 62 Ohio St. 2d 151, 157 [16 O.O.3d 169]:

" 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Steiner* v. *Custer* (1940), 137 Ohio St. 448 [19 O.O. 148]; *Conner* v. *Conner* (1959), 170 Ohio St. 85 [9 O.O.2d 480]; *Chester Township* v. *Geauga Co. Budget Comm.* (1976), 48 Ohio St. 2d 372 [2 O.O.3d 484].' "

See, also, *Lee* v. *Jennings Transfer Co.* (1967), 14 Ohio App. 2d 221 [43 O.O.2d 452].

There was sufficient evidence in this case to support the decision of the trial court. The fact that we, or any other court, may have reached a different conclusion does not establish abuse of discretion by the trial court. *Lake Shore Sawmill & Lumber Co.* v. *Cleveland Realization Co.* (1919), 11 Ohio App. 387. We do not find the court's decision to be unreasonable, arbitrary, or unconscionable.

Accordingly, the appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS and PATTON, JJ., concur.

MARKUS, J., concurring. I agree with the result reached by the majority, but believe that my views require additional explanation. Some earlier authority described the award of prejudgment interest as a matter for the trial court's discretion. None of those cases construed or applied the language in R.C. 1343.03(C).

That code section permits the trial court to allow prejudgment interest in tort cases only if the court makes a specific factual determination at a hearing subsequent to the verdict. Before allowing such prejudgment interest, the court must find (a) "that the party required to pay the money failed to make a good faith effort to settle the case," and (b) "that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case." In this case, we must presume that the trial court made such conclusory findings. Neither party made a timely request for separate findings of fact and conclusions of law pursuant to Civ. R. 52, so we are obliged to accept those conclusions unless they are contrary to the manifest weight of the evidence.

In my view, the trial court has no greater discretion on this subject than it has in reaching a non-jury verdict involving factual issues. However, this court should not reject the trial court's factual determinations where they are supported by some competent credible evidence. *C. E. Morris Co.* v. *Foley Constr. Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus. We are guided by a presumption that the findings of the trier of fact were correct. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77; *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167, 169.

I read R.C. 1343.03(C) to require the

party seeking prejudgment interest to demonstrate its aggressive prejudgment settlement efforts and its adversary's lack of aggressive prejudgment settlement efforts. The failure to make a good faith effort is not equivalent to bad faith conduct. A party's inactivity can constitute a failure to make good faith efforts without demonstrating bad faith.

For settlement purposes, good faith efforts include the following: (a) an affirmative effort to gather relevant data, (b) an affirmative effort to disclose relevant data to the adversary, (c) an affirmative effort to evaluate that party's risks in litigation reasonably, and (d) an affirmative effort to propose settlement consistent with that reasonable evaluation.

The record here provides some competent credible evidence which supports the trial court's apparent conclusions in these matters.