**Liedorff v. Brewer**
*[Cite as 6 AOA 176]*

*Case No. H-89-26*
*Huron County, (6th)*
*Decided August 10, 1990*

*Michael T. Murray, for appellant.*

*James W. Hart, for appellee.*

This is an appeal from a judgment of the Huron County Court of Common Pleas in which the court denied appellant, Brian D. Liedorff's, motion for prejudgment and postjudgment interest. Appellant had sought the interest from a money judgment rendered in favor of appellant and against appellee, Wesley J. Brewer. Appellant has set forth two assignments of error:

"1. IT WAS AN ABUSE OF DISCRETION FOR A VISITING JUDGE TO DENY PRE-JUDGMENT INTEREST WHEN THE VISITING JUDGE DID NOT PRESIDE AT TRIAL OR THE HEARING ON PRE-JUDGMENT INTEREST AND THE ONLY EVIDENTIARY MATERIALS FILED SUPPORTED THE PLAINTIFF'S MOTION FOR PRE-JUDGMENT INTEREST.

"2. IT IS CONTRARY TO THE LAW TO DENY POST-JUDGMENT INTEREST ON A VERDICT RENDERED ON NOVEMBER 12, 1988, BUT NOT PAID UNTIL JANUARY 16, 1989."

The facts giving rise to this appeal are as follows:

On May 11, 1986, appellant was a passenger in appellee's car when appellee lost control of the car and ran off the road. Previously, appellant and appellee had been drinking. At the time of the accident, appellant was not wearing a seat belt. Both parties sustained injury.

On September 8, 1987, appellant filed a complaint for personal injury alleging that his injuries were proximately caused by appellee's negligence. On December 7, 1987, appellee filed his answer in which he specifically denied that he was negligent on the date of the accident.

On February 18, 1988, appellant motioned the court for leave to join his custodial father as a party-plaintiff. This motion was granted on February 19, 1988. On the same date, appellant filed an amended complaint naming appellant's father as a plaintiff for the loss of his son's services. Appellees' answer was filed on April 18, 1988 in which he once again denied he was negligent and alleged that appellant's injuries were caused by appellant's own negligence.

On November 11, 1988, a jury returned a verdict in favor of appellant finding that appellant had sustained damages in the amount of $80,000. However, the jury also found that appellant had been twenty percent negligent. Thus, appellant's total damage award was reduced to $64,000.

On November 16, 1988, appellant moved the court to award prejudgment interest on the jury verdict alleging that appellee had failed to negotiate a settlement in good faith.

On November 23, 1988, Judge Robert W. Smith journalized the Jury's verdict and awarded appellant $64,000.

On March 17, 1989, appellant motioned the court for postjudgment interest on the $64,000 jury verdict in the amount of $1,244.63.

On June 28, 1989, visiting judge Bruce C. Huffman summarily overruled appellant's motions for prejudgment and postjudgment interest. It is from this order that appellant brings this instant appeal.

In his first assignment of error, appellant contends that the court abused its discretion in overruling appellant's motion for prejudgment interest. In support of this assignment of error, appellant contends that appellee failed to negotiate a settlement in good faith.

R.C. 1343.03(C) provides as follows:

"(C) Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case."

Interpreting the good faith requirement of R.C. 1343.03(C), the Supreme Court of Ohio has held:

"A party has not 'failed to make a good faith effort to settle' under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2)

rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer from the other party. If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer." *Kalain v. Smith* (1986), 25 Ohio St. 3d 157, syllabus.

The purpose of R.C. 1343.03(C) is to promote settlement efforts and to prevent frivolous delays by uncooperative parties. *Id.* at 159. The statute does not penalize those who go to trial but rather seeks to penalize those who go to trial and then abuse the trial process. *Hardiman v. Zep Mfg. Co.* (1984), 14 Ohio App. 3d 222, 227.

Whether or not a party has conducted settlement efforts in good faith is a determination left to the sound discretion of the trial court. *Worrell v. Multipress, Inc.* (1989), 45 Ohio St. 3d 241, 250; *Kalain, supra,* at 159. Therefore, this court will not reverse the trial court's decision to deny appellant's motion for prejudgment interest unless the trial court's decision is unreasonable, arbitrary, or unconscionable. *Cox v. Fisher Fazio Foods, Inc.* (1984), 13 Ohio App. 3d 336, 337. The fact that this court may have decided the issue differently is of no consequence to this court in deciding whether or not the trial court abused its discretion. *Id.*

In his memorandum in support of the motion for prejudgment interest, appellant argued that the seriousness and permanency of appellant's injuries were apparent from the outset of the litigation. Appellant also argued that there was sufficient evidence to show that appellant faced future medical costs and future wage loss. Thus, appellant argued, appellee's settlement offers of $7,000, $32,000, $40,000 and $42,000 were inadequate and demonstrated appellee's failure to negotiate a settlement in good faith. Appellant also argued that appellee failed to respond in good faith to appellant's settlement offers of $75,000, $95,000 and $100,000.

Upon review of the record before us, we do not find that the court abused its discretion in denying appellant's motion for prejudgment interest. There is no evidence to suggest that appellee was purposely attempting to delay a resolution of this case. Rather, the record shows that the parties frequently corresponded with regards to a settlement agreement. Prior to trial, appellee proposed four different settlement amounts. While it is true that appellee's offers fell short of the actual jury award, this does not

necessarily mean that appellee failed to act in good faith. *Black v. Bell* (1984), 20 Ohio App. 3d 84, 88, stating "[F]ortuitous foresight does not demonstrate good faith settlement efforts." *Id.* Nor does appellee's mere failure to accept appellant's settlement demands constitute a failure to negotiate in good faith. Accordingly, appellant's first assignment of error is found not well-taken.

In his second assignment of error, appellant contends that the court erred in denying appellant's motion for postjudgment interest.

R.C. 1343.03 provides:

"(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, *and upon all judgments, decrees, and orders of any judicial tribunal* for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.

"(B) Except as provided in divisions (C) and (D) of this section, interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct, including but not limited to a civil action based on tortious conduct that has been settled by agreement of the parties, shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." (Emphasis added.)

This court in *Testa v. Roberts* (1988), 44 Ohio App. 3d 161, 168, held that R.C. 1343.03(A) "bestows automatically a right to the statutorily stated interest as a matter of law." See, also, *Jeepe v. Blue Cross* (1980), 67 Ohio App. 2d 87.

As stated above, a jury awarded appellant $64,000 in damages. On November 23; 1988, the court issued a final judgment journalizing the jury's $64,000 verdict. On January 16, 1989, appellant received a check for $64,000 from appellee's insurance company. Pursuant to R.C. 1343.03, the court erred in overruling appellant's motion for postjudgment interest. Appellant is entitled to interest in the amount of ten percent per annum on the amount which was due and payable to appellant from the date of judgment, November 23, 1988, to the date the money was

paid on January 16, 1989. That is, appellant is entitled to $946.85 (17.5342 interest per day x 54 days). Accordingly, appellant's second assignment of error is found well-taken.

On consideration whereof, the court finds that substantial justice has not been done the party complaining, and the judgment of the Huron County Court of Common Pleas is reversed in part and affirmed in part. Furthermore, appellant is additionally entitled to the interest that has accrued on the $946.85 from the date the $64,000 damage award was paid on January 16, 1989 to the date of this judgment. It is ordered that appellee pay the court costs of this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. See, also, Supp. R. 4, amended 1/1/80.

HANDWORK, P.J., ABOOD, J., RESNICK, J., concur.