While I agree with the majority's view regarding disposition of the appeal, I have a different view regarding the cross-appeal and the analysis of the prejudgment interest determination contained in the majority opinion.
In my view, R.C. 1343.03(C) should control our resolution of this issue.[1] It reads as follows:
 Interest on a judgment, decree, or order for the payment of money rendered in a civil action based on tortious conduct and not settled by agreement of the parties, shall be computed from the date the cause of action accrued to the date on which the money is paid, if, upon motion of any party to the action, the court determines at a hearing held subsequent to the verdict or decision in the action that the party required to pay the money failed to make a good faith effort to settle the case and
 that the party to whom the money is to be paid did not fail to make a good faith effort to settle the case.
In Royal Electric v. Ohio State University (1995), 73 Ohio St.3d 110, the court considered a prejudgment interest claim against the State of Ohio arising out of a breach of contract claim. There, the court stated at 117:
 * * *. Indeed, to make the aggrieved party whole, the party should be compensated for the lapse of time between accrual of the claim and judgment.
In its syllabus, the court stated in part:
 The award of prejudgment interest is compensation to the plaintiff for the period of time between accrual of the claim and judgment * * *.
In this case, however, we are not concerned with a contract claim, but rather, a claim for tortious conduct — conversion.
In that regard, I believe the standard to be applied is that described in R.C. 1343.03(C), the good faith effort to settle, not the aggrieved party made whole standard which relates to R.C. 1343.03(A) claims.
Preliminarily, it is significant, I think, to point out that in cases of this distinction, the decision of whether or not to award prejudgment interest is within the sound discretion of the trial court. See, Cincinnati Ins. Co. v. First Nat'l Bank (1980), 63 Ohio St.2d 220, and Cox v. Fisher Fazio Food, Inc. (1984), 13 Ohio App.3d 336.
In Kalain v. Smith (1986), 25 Ohio St.3d 157, the court stated in its syllabus:
 A party has not failed to make a good faith effort to settle under R.C. 1343.03(C) if he has (1) fully cooperated in discovery proceedings, (2) rationally evaluated his risks and potential liability, (3) not attempted to unnecessarily delay any of the proceedings, and (4) made a good faith monetary settlement offer or responded in good faith to an offer form the other party.
 If a party has a good faith, objectively reasonable belief that he has no liability, he need not make a monetary settlement offer.
Further, in Wagner v. Midwestern Indem. Co. (1998), 83 Ohio St.3d 287, the court quoted the following from Moskovitz v. Mt. Sinai Med. Ctr. (1994), 69 Ohio St.3d 638, elaborating on the good faith effort to settle requirement of Kalain:
 The effect of Kalian is to place the burden of proof on a party seeking prejudgment interest. This is, to a degree, unfortunate since must of the information needed to make a case for prejudgment interest is in the possession of the party resisting an award. Accordingly, it is incumbent on a party seeking an award to present evidence of a written (or something equally persuasive) offer to settle that was reasonable considering such factors as the type of case, the injuries involved, applicable law, defense available, and the nature, scope and frequency of efforts to settle. Other factors would include response — or lack thereof — and a demand substantiated by facts and figures. Subjective claims of lack of good faith will generally not be sufficient.
 These factors, and others where appropriate, should be considered by a trial court in making a prejudgment interest determination. (Emphasis added.) In this case, the record does not contain a written settlement
demand or other persuasive evidence of an offer to settle from the plaintiff cross-appellant. Thus, the foregoing precept of Moskovitz has not been met in this case.
Because we have no such writing contained in the record before us, I do not believe the trial court abused its discretion in denying the award of prejudgment interest in this case, and for these reasons, I concur in the judgment of the majority.
[1] Although R.C. 1343.03(C) was amended by HB 350 effective January 27, 1997, the Ohio Supreme Court in State ex rel. OATL v. Sheward (1999), 86 Ohio St.3d 451, declared HB 350 unconstitutional.