[Cite as *In re Estate of McCauley*, 2014-Ohio-2291.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: ESTATE OF CLETUS P. MCCAULEY, DECEASED | : | JUDGES: Hon. William B. Hoffman, P. J. |
|  | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. John W. Wise, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2013CA00221 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Probate Division, Case No.209512

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 27, 2014

APPEARANCES:

For-Appellants

CRAIG CONLEY
604 Huntington Plaza
220 Market Avenue South
Canton, OH 44702

For-Appellee

JOHN FRANK
3930 Fulton Drive N.W.
Suite 102-A
Canton, OH 44718

*Gwin, P.J.*

{¶1}    Appellants, Estate Beneficiary Paula A. Clark and Trust Beneficiaries Jennifer M. Fricke and Emily R. Clark (collectively "appellants") appeal the October 24, 2013 Judgment Entry of the Stark County Court of Common Pleas, Probate Division denying their fourth motion to remove appellee John R. Frank, administrator with will annexed (WWA) of the McCauley Estate.

*Facts and Procedural History*

{¶2}    This appeal involves the Estate of Cletus P. McCauley (McCauley Estate). Mr. McCauley died on December 23, 2008. Mary McCauley died on August 9, 2008. Paula Clark is one of four children of Mary and Cletus McCauley.

{¶3}    A will executed by Cletus and Mary on May 29, 2007 gave specific sums of money to their children, including Paula. The remainder was to pour-over into the Cletus P. McCauley Trust. Also on May 29, 2007, Cletus and Mary created and Irrevocable Trust Agreement that primarily benefited their disabled adult son Kevin during his lifetime. (See, Stark County Court of Common Pleas, Probate Division, Case No. 209055, Judgment Entry, filed July 13, 2010).

{¶4}    His daughter, Paula A. Clark (Ms. Clark), who was appointed to serve as executrix, opened Mr. McCauley's estate at the Stark County Probate Court (Probate Court) on December 30, 2008. The Probate Court: (1) removed Ms. Clark as the McCauley Estate executrix on July 13, 2010; and (2) appointed appellee John R. Frank (appellee) to serve as administrator with will annexed (WWA) of the McCauley Estate on July 28, 2010.

{¶5}     Ms. Clark and her two adult daughters, Jennifer M. Fricke and Emily R. Clark, are the appellants in the instant appeal. They base their standing in this matter upon their status as a beneficiary of the McCauley Estate and/or as a remainder beneficiary of the wholly discretionary special needs trust, which Mr. & Mrs. McCauley created for their disabled adult son, Kevin L. McCauley (Kevin) in May 2007. Kevin died on September 6, 2013.

{¶6}     This appeal involves the appellants' fourth motion to remove appellee John R. Frank, administrator with will annexed (WWA) of the McCauley Estate, which they filed in the trial court on October 9, 2013. Appellee filed a memorandum in response to that motion on October 23, 2013. On October 24, 2013, the trial court filed a judgment entry that overruled the appellants' fourth motion to remove appellee.

### Assignment of Error

{¶7}     Appellants raise one assignment of error

{¶8}     "I.   THE   TRIAL   COURT   ERRED   IN   DENYING BENEFICIARIES'/APPELLANTS' MOTION TO REMOVE ESTATE FIDUCIARY."

### Analysis

{¶9}     Appellants argue the trial court's denial of their fourth motion to remove the estate fiduciary was against the manifest weight of the evidence and/or constituted an abuse of discretion.

{¶10}    In their brief, the appellants contend that the trial court should have granted their fourth motion to remove appellee because appellants filed a "Motion for an Order Directing Reimbursement" on June 20, 2013, which the trial court denied; appellants filed exceptions to successor fiduciary's partial account on August 14, 2013,

which the trial court dismissed; Mr. Frank, as successor fiduciary of the McCauley Trust, filed a motion for authority to pay the $7,738.31 funeral and burial expense of the McCauley Trust's primary beneficiary, Kevin L. McCauley, which the trial court granted; and appellants filed a new lawsuit against appellee at the Stark County Court of Common Pleas, General Division, which was subsequently transferred to the Probate Division, upon appellee's motion.

{¶11} Our standard of reviewing a Probate Court's decision to remove a fiduciary or guardian is the abuse of discretion standard. *In Re: Estate of Russolillo*, 69 Ohio App.3d 448, 590 N.E.2d 1324(10th Dist. 1990). The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983). In applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Medical Board,* 66 Ohio St.3d 619, 621, 1993-Ohio-122, 614 N.E.2d 748. In applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. *Combs vs. REO Allegiance, Inc., 5th* Dist. Muskingum No. CT-2011-0005, 2011- Ohio-4437, ¶8, *citing Pons.*

{¶12} R.C. 2109.24 states, in relevant part,

The court may remove any fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law.

{¶13}    In pertinent part, Ohio Revised Code 2113.18 provides,

The probate court may remove any executor or administrator if there are unsettled claims existing between him and the estate, which the court thinks may be the subject of controversy or litigation between him and the estate or persons interested therein. Ohio Revised Code §2113.18(A).

{¶14}    There was no evidence before the trial court that appellee had violated his fiduciary duties or engaged in self-dealing. Each action with which appellants take exception was the result of the decisions rendered by probate court. Removal of the executor under R.C. 2113.18 is clearly discretionary with the trial court. Abuse of discretion is more than an error of law or of judgment; it implies an unreasonable, arbitrary or unconscionable attitude on the part of the court. *Lee v. Jennings*, 14 Ohio App.2d 221, 237 N.E.2d 918(4th Dist. 1967).

{¶15}    There was insufficient evidence presented by appellants to raise a colorable argument that appellee had sufficient conflicts to warrant his removal pursuant to R.C. 2113.18 or R.C. 2109.24. We cannot say based upon the record before this Court that the trial court's refusal to remove appellee was an abuse of discretion. *In re Estate of Wahl*, 5th Dist. Licking No. 92-CA-1, 1992 WL 173319 (July 15, 1992).

{¶16}    Appellants' sole assignment of error is overruled and the judgment of the Stark County Court of Common Pleas, Probate Division is affirmed.

By Gwin, J.,

Hoffman, P.J., and

Wise, J., concur