[Cite as *in re Estate of DeChellis*, 2020-Ohio-5631.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ESTATE OF | : | JUDGES: |
| | | Hon. W. Scott Gwin, P.J. |
| PHILIP JOHN DECHELLIS | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | |
| | : | Case No. 2020CA00081 |
| | : | |
| | : | |
| | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                            Common Pleas, Probate Division, Case
                            No.233654

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      December 9, 2020

APPEARANCES:

For-Appellants                         For-Appellee

CRAIG CONLEY                           DAVID L. DINGWELL
604 Huntington Plaza                   220 Market Avenue South
220 Market Avenue South                Eighth Floor
Canton, OH  44702                      Canton, OH  44702

*Gwin, P.J.*

{¶1}    Appellants Patty and Daniel DeChellis appeal the March 24, 2020 judgment entry of the Stark County Court of Common Pleas, Probate Division, denying their motion to remove appellee David Dingwell as fiduciary of the estate.

*Facts & Procedural History*

{¶2}    This appeal involves the estate of Philip DeChellis ("Decedent"). Decedent died on July 21, 2016, survived by four adult children, Ann Heffner, Michael DeChellis, Marc DeChellis, and appellant Daniel DeChellis. Decedent was also survived by his long-term companion, appellant Patty DeChellis. Ann was originally appointed fiduciary of the estate. After Ann was removed as executrix, appellee was appointed as administrator of Decedent's estate, with will annexed, for the purpose of completing the administration of the estate.

{¶3}    In 2018, the trial court found appellants guilty of having concealed, embezzled, conveyed away, or having been in possession of monies owed to Decedent and now belonging to his estate. The trial court rendered judgment against appellants in the amount of $750,000, jointly and severally, with a ten-percent penalty from the date of Decedent's death. The trial court's judgment entry ordered Ann, as executrix, to include this judgment in an amended inventory. Appellants appealed. In *Estate of DeChellis v. DeChellis*, 5th Dist. Stark No. 2018CA00153, 2019-Ohio-3078, this Court overruled appellants' assignments of error and found the trial court's finding of guilt was supported by the manifest weight and sufficiency of the evidence. We denied appellants' motions for reconsideration and en banc certification.

{¶4} In August of 2019, appellants filed a motion to vacate the 2018 concealment entry. The trial court denied the motion to vacate and appellants appealed. In *DeChellis v. Estate of DeChellis*, 5th Dist. Stark No. 2020CA00025, 2020-Ohio-5111, we overruled appellants' assignments of error and affirmed the trial court's denial of the motion to vacate.

{¶5} The trial court also issued a judgment entry finding Ann guilty of concealment in the amount of $457,857.97. The trial court's judgment entry specifically ordered appellee to account for these amounts in his fiduciary account.

{¶6} On February 28, 2020, appellants filed a motion to remove appellee as the estate fiduciary. Appellants allege appellee violated R.C. 2109.24 when he failed to execute a settlement agreed to by all the beneficiaries. On March 3, 2020, appellee filed a combined response to the motion to remove and motion for instructions. Appellee requested the trial court's instructions relative to the directive by the beneficiaries, due to the fact that the court has to approve the fiduciary's account and distributions. Appellants filed a reply on March 9, 2020.

{¶7} The trial court held a hearing on appellants' application to remove fiduciary on March 16, 2020.

{¶8} Appellee testified that he received Exhibit A, a letter from the beneficiaries. The beneficiaries all signed the letter addressed to appellee directing him to do the following: immediately dismiss, with prejudice, Case No. 228240 in the Probate Court (concealment of assets complaint against appellants); file with this Court a brief in Case No. 2020 CA 00025 (appeal to vacate the concealment action against appellants) fully concurring with appellants' assignments of error and agreeing to waive oral argument;

immediately make filings in the Probate Court concurring with the exceptions to inventory as to the $750,000 amount in the concealment action; immediately file a notice of dismissal as to Probate Court Case No. 235513 (complaint to sell real estate and declaratory judgment); immediately refrain from executing judgment on Probate Court Case Nos. 228240 (concealment against appellants) and 231641 (concealment against Ann Heffner); immediately grant Michael DeChellis right of first refusal to purchase the Market Avenue property for $125,840 and assets of the restaurant business for $25,000; immediately list the Lancaster Gate property for sale and allow appellants thirty days after closing to vacate the premises; distribute funds in equal shares to the beneficiaries; and immediately concur with the "global" settlement.

{¶9} Appellee stated his concern with the actions requested by the beneficiaries is that they would violate previous court orders. Appellee testified that, as a fiduciary appointed by the court, he is accountable not only to the beneficiaries, but to the court. Accordingly, he filed the motion for instructions. Appellee testified the judgment entry rendered by the court in the concealment action, Case Number 228240, contained a specific directive with regards to including the amount of missing cash in the inventory as an asset of the estate that needed to be accounted for. Appellee stated that while the concealment judgment entry does not specifically prohibit him from dismissing Case Number 228240, the entry requires a fiduciary to take certain steps, which appellee believes will be violated if he dismisses the case. Appellee has the same concerns about dismissing the concealment case against Heffner.

{¶10} Upon questioning by the court, appellee stated he is supposed to follow the intent of Decedent, as set forth in his will.

{¶11} The trial court issued a judgment entry on March 24, 2020, denying appellants' application to remove fiduciary. The trial court found there was no evidence presented that appellee violated his fiduciary duties or engaged in any conduct that would cause the court to remove him as administrator. Rather, the trial court found appellee's concerns set forth in his response and motion for instructions demonstrates he is cognizant of his duties as administrator to obey the court's instructions and carry out the terms of the last will and testament of Decedent. The trial court stated the efforts of the beneficiaries to direct appellee to take actions that would potentially violate any of those duties are improper. The trial court directed appellee to proceed with the administration of Decedent's estate in accordance with the court's judgments, the Ohio Revised Code, and Decedent's last will and testament.

{¶12} Appellants appeal the March 24, 2020 judgment entry of the Stark County Court of Common Pleas, Probate Division, and assign the following as error:

{¶13} "I. THE TRIAL COURT ERRED IN DENYING APPELLANTS' MOTION FOR REMOVAL OF ESTATE FIDUCIARY."

I.

*Motion for Instructions*

{¶14} In appellants' introduction portion of their brief, they contend appellee's motion for instructions was an improper request for an advisory opinion from the trial court. Appellants did not separately include or separately assign this as error as required by Appellate Rule 16. Thus, we may disregard this argument pursuant to Appellate Rule 12(A)(2).

**{¶15}** Even if we consider this argument, we find appellee's motion for instructions is not an improper request for an advisory opinion. Unlike cases in which a party attempts to utilize a motion for instructions to obtain a ruling prematurely or about a speculative future event or controversy that has not yet arisen, appellee filed the motion in direct response to the directive by the beneficiaries. The motion for instructions directly impacts and affects the issues in the case. *Napier v. Ickes*, 5th Dist. Licking No. 2018 CA 00081, 2019-Ohio-2774, *appeal not allowed*, 157 Ohio St.3d 1466, 2019-Ohio-4419, 133 N.E.3d 535.

**{¶16}** In probate cases, executors, guardians, trustees, and other parties routinely file motions for instructions that probate courts rule on, as the probate court is the superior guardian of a ward and because the probate court has to ascertain the intent of the testator in an estate case. R.C. 2111.50(A)(1) (probate court is superior guardian of wards); *Tootle v. Tootle*, 22 Ohio St.3d 244, 490 N.E.2d 878 (1986) (sole purpose of the court should be to ascertain and carry out the intention of the testator); *In re McCauley*, 5th Dist. Stark No. 2013CA00188, 2014-Ohio-3692 (motion for instructions as to irrevocable trust); *In re Fournas*, 5th Dist. Licking Nos. 99CA52, 99CA53, 99CA55, 2000 WL 502685 (April 5, 2000) (executor filed motion for instructions as to whether document purporting to be an inter vivos revocation trust should be filed; probate court ruled on the motion); *In re Guardianship of Napier*, 10th Dist. Franklin No. 05AP-405, 2005-Ohio-5355 (trial court ruled on motion for instructions filed by guardian asking the probate court to decide what funeral arrangements should be made and whether the children had a right to be part of the funeral); *In re Guardianship of Brockman*, 160 Ohio App.3d 112, 826 N.E.2d 320 (7th Dist. Mahoning 2005) (probate court granted motion for instructions filed

by the guardian); *In re Estate of Bochik*, 24 Ohio App.3d 98, 493 N.E.2d 297 (8th Dist. Cuyahoga 1985) (executor filed motion for instructions as to priority of payments of claims; the probate court ruled certain claims must be treated as preferred claims and shared proportionally).

*Motion to Remove Fiduciary*

{¶17} In their assignment of error, appellants contend the trial court committed error in denying their motion for removal of appellee as fiduciary of Decedent's estate. Our standard of reviewing a probate court's decision to remove or not remove a fiduciary is the abuse of discretion standard. *In re Estate of McCauley*, 5th Dist. Stark No. 2013CA00221, 2014-Ohio-2291. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). In applying the abuse of discretion standard this court may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 610, 614 N.E.2d 748 (1993).

{¶18} In their motion, appellants sought appellee's removal pursuant to R.C. 2109.24. R.C. 2109.24 provides, in pertinent part, "the court may remove any fiduciary * * * for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the * * * estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law." The removal of a fiduciary pursuant to this statute is within the sound discretion of the trial court. *In re Estate of Jarvis*, 67 Ohio App.2d 94, 425 N.E.2d 939 (8th Dist. 1980).

{¶19} Appellants argue the trial court abused its discretion in denying their motion for removal because appellee breached his fiduciary duty in failing to follow the directive

of the beneficiaries. Appellants contend appellee had an affirmative duty to comply with their directive because the assets belong to the beneficiaries and appellee is obligated to follow the unanimously-made direction about estate assets.

{¶20} We find the trial court's denial of appellants' motion to remove was not unreasonable, arbitrary, or unconscionable. There was no evidence before the trial court that appellee violated his fiduciary duties. Appellants take exception to appellee's failure to follow their directive. However, this was the result of the decisions rendered by the trial court in its judgments throughout the various legal proceedings in this case. *In re Estate of McCauley*, 5th Dist. Stark No. 2013CA00221, 2014-Ohio-2291. Appellee, as a fiduciary of the estate, has a duty to follow the orders of the probate court. R.C. 2109.01 (fiduciary appointed by and accountable to the probate court); R.C. 2109.02 (duties required by law and such additional duties as the court orders). Appellee also has the duty to seek out and collect the assets belonging to Decedent at the time of his death and include them in the estate. *In re Estate of Jarvis*, 67 Ohio App.2d 94, 425 N.E.2d 939 (8th Dist. 1980).

{¶21} Appellee testified it is his duty to fulfill Decedent's intent as set forth in the will; if any questions arise as to Decedent's intent in the construction of his will, the trial court will ascertain the intention of Decedent. *Solomon v. Central Trust Co. of Northeastern* Ohio, 63 Ohio St.3d 35, 584 N.E.2d 1185 (1992) (holding "it is the fundamental duty of the courts to ascertain the intent of a testator in making a will"); *In re McCauley,* 5th Dist. Stark No. 2013CA00188, 2014-Ohio-3693 (trial court may ascertain the intent of the settler by considering the necessary implication arising from the language of the instrument as a whole); *In re Estate of Endslow*, 5th Dist. Delaware No. 99 CA 36,

2000 WL 502820 (April 14, 2000) (attorney for estate is required to defend a decedent's last will and testament and the terms therein). The concealment judgment entry against appellants specifically orders the estate fiduciary to include the $750,000 in cash as an asset on the inventory for the estate.

{¶22} The concealment entry against Ann specifically ordered the estate fiduciary to account for the amount ($457,857.97) in the fiduciary's account. Removal of the fiduciary is clearly discretionary with the trial court. We find no abuse of discretion in the trial court's determination that appellee did not breach his fiduciary duty by following these specific judgment entries issued by the trial court and affirmed by this Court on appeal.

{¶23} Additionally, one of the central requirements of the directive by the beneficiaries is that appellee dismiss both the concealment judgment against appellants and the concealment judgment entry against Ann. However, unlike a traditional case in which one beneficiary files an action against another beneficiary, a concealment action is a quasi-criminal, special statutory proceeding that notifies the probate court of alleged misconduct. *Estate of DeChellis v. DeChellis*, 5th Dist. Stark No. 2018CA0153, 2019-Ohio-3078. The court then must investigate the charge and make a finding of guilt or innocence. *Id.* During the proceeding, the court examines the respondent and witnesses. *Id.* If the person is found guilty, the probate court assesses damages and, "in all cases, except when the person found guilty is the fiduciary, the probate court shall render judgment in favor of the fiduciary * * * against the person found guilty for the amount of moneys * * * together with ten percent penalty and all costs of the proceedings or complaint * * *." R.C. 2109.52. In this case, the trial court issued two separate

concealment judgement entries finding appellants and Ann guilty of concealment and rendering judgment in favor of the fiduciary.

{¶24} During the hearing, both appellee and the trial judge confirmed it was the court's directive in the concealment actions to proceed and collect the money. Upon questioning by the trial court, appellee testified the trial court was not willing to vacate the two concealment judgments. Accordingly, the trial court did not abuse its discretion in denying the motion to remove appellee as fiduciary. The concealment judgment is a judgment of the court, with a finding of guilty, and not a proceeding that the beneficiaries can order a fiduciary to dismiss.

{¶25} Appellants contend the trial court abused its discretion in denying their motion because the "specific language" of the court's orders does not prohibit appellee from taking the actions directed by the beneficiaries, particularly the dismissal of the concealment actions. Appellants argue that since the court's orders in the concealment actions do not say "this action cannot be dismissed," appellee is breaching his fiduciary duty by not doing so as ordered by the beneficiaries. We find no abuse of discretion in the trial court's determination. Appellee repeatedly testified that simply because the court's orders do not specifically state he "cannot dismiss" the concealment actions, the specific language contained in the court's orders require him to take certain steps, which appellee cannot complete if he dismisses the concealment cases. Specifically, the trial court ordered the fiduciary to include the amounts in the concealment actions in the inventory and account as assets of the estate.

{¶26} Finally, appellants make the argument that the beneficiaries may disclaim or renounce their rights under the will and that the two remaining beneficiaries not

involved in the concealment actions, Michael and Marc, through their voluntary and knowing agreement to the directive, deliberately disclaimed and/or renounced their testamentary right to the concealment judgments. Appellants conclude the trial court committed error in denying the motion to remove fiduciary because appellee wrongly did not recognize these disclaimers/renouncements, thus breaching his duty of loyalty.

{¶27} We find appellants' argument to be without merit. The cases cited by appellants involve the renouncing or disclaiming of a specific gift in the will, or a beneficiary disclaiming his or her beneficial share provided in the will. In this case, the concealment judgements are not specific gifts or beneficial shares derived from Decedent's will, but come from a determination and order of the trial court. Unlike when a testator gives a beneficiary a specific gift, bequest, or share, a concealment action is a quasi-criminal, special statutory proceeding, in which the trial court investigates a charge and makes a finding of guilt or innocence. *Estate of DeChellis v. DeChellis*, 5th Dist. Stark No. 2018CA00153, 2019-Ohio-3078. Appellants do not cite any authority for the proposition that a beneficiary can disclaim or renounce a court-ordered finding of guilt and the associated penalty in a concealment case without approval from the trial court.

**{¶28}** Based on the foregoing, we find the trial court did not abuse its discretion in denying appellants' motion to remove fiduciary. Appellants' assignment of error is overruled.

**{¶29}** The March 24, 2020, judgment entry of the Stark County Court of Common Pleas, Probate Division, is affirmed.

By Gwin, P.J.,

Wise, John, J., and

Delaney, J., concur